STANLEY C. OLMSTEAD and Another v. OLIVER J. FIRTH and Another.[1]

April 24, 1896.

Nos. 9924—(169).

**Notice of Trial—Service on Nonresident Attorney.**
>After the commencement of this action the defendants and their attorney removed from this state. *Held*, under the provisions of G. S. 1894, § 5217, a notice of trial served on the attorney at his place of residence in another state was properly served.

**Costs on Motion.**
>*Held*, the awarding of costs on a motion to set aside a judgment is in the discretion of the court.

Appeal by defendants from an order of the municipal court of St. Paul, Twohy, J., denying a motion to set aside a judgment in favor of plaintiffs for $28.79, and awarding plaintiffs $10, costs of motion. Affirmed.

*William F. Carroll*, for appellants.

*S. C. Olmstead*, for respondents.

CANTY, J. It sufficiently appears that both of the defendants and their attorney were residents of this state when this action was commenced and the answers served. The case was pending for a considerable length of time, and thereafter, and before it was noticed for trial, they all left the state. Thereafter, on March 5, 1894, plaintiff served notice of trial by mail on defendants' attorney by depositing the same in the post office at St. Paul, addressed to him at Chicago, Illinois, where he then resided, postage prepaid. Defendants did not appear at the trial, and plaintiff had judgment. This is an appeal from an order denying defendants' motion to set aside the judgment, on the ground, among others, that such service of notice of trial was not authorized by statute, and was irregular and void.

We are of the opinion that this mode of service was authorized by statute. Among the provisions for service of notices in an ac-

[1] Reported in 66 N. W. 988.

tion is the following, found in G. S. 1894, § 5217: "But if the attorney shall have removed from the state such service may be made upon him personally, either within or without the state, or by mail to him at his place of residence, if known, and if not known, then by mail upon the party, if his residence is known, whether within or without the state. And if the residence of neither the party or attorney are known, the service may be made on the clerk for the attorney."

We are not called upon to decide whether or not this statute would apply if it affirmatively appeared that the attorney had abandoned the case, had refused to act further, and had so notified the opposite party (see section 6193), or if the action had been neglected by all parties for so great a length of time as to show a mutual intention to abandon it.

The affidavit of service showed that the notice of trial was served pursuant to statute. The affidavits in support of the motion showed that no such notice was ever received, through the mail or otherwise, at Chicago or elsewhere, by defendants' attorney. Whether or not such proof of service can be rebutted by showing that the letter containing it, and so claimed to have been sent, was never received, we need not now consider. In any event, the most that can be said in defendants' favor is that such rebuttal proof raised an issue of fact, which has been decided against them by the court below, and that decision is conclusive here.

The awarding of costs on the motion was in the discretion of the court below. This disposes of all the questions raised worthy of consideration, and the order appealed from is affirmed.