[No. 17513.  Department One.  November 21, 1922.]

A. A. MELOSH, *Respondent*, v. GEORGE GRAHAM, *Appellant*.[1]

JUDGMENT (38, 41)—OPENING OR SETTING ASIDE DEFAULT—INVA-LIDITY—MISTAKE. Where, after default for failure to answer a summons and complaint was claimed, plaintiff's counsel offered to waive the default and defendant's attorneys served a demurrer, a default judgment entered three days later in the belief that the defendant did not intend to press his demurrer, was error and should be set aside and the defendant allowed to answer.

SAME (50)—CONDITIONS ON GRANTING APPLICATION. Where the defendant was not without fault in the matter of default or in his delay in making application to vacate, a reversal of a default judgment thereon taken through mistake will be upon the condition of the payment of $25 and the costs of the appeal.

Appeal from an order of the superior court for Lewis county, Reynolds, J., entered April 19, 1922, denying a motion to set aside a default and vacate a judgment, in an action for debt. Reversed.

*John E. Belcher*, for appellant.

*Herman Allen* and *G. L. Thacker*, for respondent.

BRIDGES, J.—Plaintiff sought to recover a money judgment for something less than $500. The twenty days for the appearance of the defendant after service of process expired on the 12th of March, 1922.

[1]Reported in 210 Pac. 667.

On the 14th of March the plaintiff claimed default, and on the 15th of March, order of default was entered, and on March 18, judgment was entered for the amount sued for. The defendant's application for vacation of the judgment and order of default was denied, and he has appealed.

The situation concerning the default, as shown by the affidavit of one of respondent's attorneys, is that such attorney, at once after taking the default order, advised attorneys who had theretofore been employed by the defendant of such action, and also advised them "that if, the defendant above named desired to appear in said case, your affiant would waive said default;" that, on the 15th of March (which must have been the same day of the conversation), and before judgment on the merits, defendant's attorneys served upon the attorneys for the plaintiff a demurrer; and that thereafter, on the 18th of March, plaintiff's attorneys, believing that defendant did not intend to press his demurrer and would not make a defense, took a judgment on the merits. It was about this time that defendant's attorneys withdrew from the case.

Under this showing, the default was waived when defendant's attorneys entered their appearance by serving a demurrer; and the fairness of respondent's attorneys towards those of the appellant makes it proper for us to hold that the judgment on the merits and order of default should be set aside and the defendant allowed to answer. But it is plain that appellant was not without fault in the matter of default, and in his delay in making his application to vacate the judgment, and that terms should be imposed upon him for the privilege of now being permitted to make a defense.

The judgment is reversed, on the condition that, within twenty days after the going down of the remittitur, the appellant pay to the respondent $25 and respondent's costs in this court; and, if a showing be made to the lower court that such payments have been made, it is directed to set aside the judgment on the merits and the order of default and permit the defendant to answer within such time as it shall order. If appellant does not comply with this order, the judgment appealed from shall be considered as affirmed. Appellant will not recover any costs in this court.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.