GEORGE W. BENTLEY v. J. KRAL.[1]

February 14, 1947.

No. 34,277.

*E. Luther Melin,* for appellant.

*Snyder, Gale, Hoke, Richards & Janes* and *Bergmann Richards,* for respondent.

PETERSON, JUSTICE.

This is an appeal from an order opening, vacating, and setting aside a default judgment for $1,035.35 against defendant and granting him leave to answer.

The summons required defendant to serve his answer on plaintiff's attorney at his office, 436 Palace Building in Minneapolis. Plaintiff's attorney added that his residence address was 1712 Park avenue, Minneapolis. Plaintiff alleged in his complaint that, while riding as a passenger in an automobile operated by one Roy Wesling, he was injured as the result of defendant's negligence in so operating his automobile as to cause a collision with the one operated by Wesling. The summons and complaint were served on defendant on February 8, 1946. He immediately delivered the copy of the summons and complaint left with him to his insurer to conduct the defense. The insurer was represented by Craig & Morse, a firm of attorneys.

. The facts with respect to defendant's default and the grounds upon which the trial court based its decision are in conflict. In resolving this conflict (see, In re Estate of·McDaniel, 221 Minn. 297, 22 N. W. [2d] 8), the trial court apparently adopted defendant's version of the facts, which we shall presently state. On February 21, 1946, Craig & Morse prepared an answer alleging as defenses a denial that defendant was negligent; that the accident was caused solely by the negligence of Wesling; and that plaintiff was guilty of contributory negligence. They turned the answer over to Robert E. Hall, a claim adjuster employed by the insurer, to serve the same upon plaintiff's attorney. Hall went to the address given in the summons, 436 Palace Building, for the purpose of serving it upon plaintiff's attorney. He was informed by the lady in charge, a public stenographer, that the office was hers, that plaintiff's attorney did not maintain an office at that address, and that he called there only on rare occasions. Because of those facts, she refused to accept service of the answer. On February 25, 26, 27, and 28, 1946, Hall made four separate trips to 1712 Park avenue, the residence address of plaintiff's attorney, and there sought to make service upon him. The building at that address is an apartment house, in which the attorney has an apartment. Hall was unable to find the attorney on the premises or to get a response from any person at the apartment occupied by him. Thereupon, on February 28, 1946, Hall, by special delivery, registered mail, with postage prepaid, sent to the attorney at the address mentioned a letter enclosing the answer and requesting him to admit service thereof. On March 13, 1946, the post-office department returned the envelope to Hall unopened and marked unclaimed and no response. On March 12, 1946, plaintiff made proof of default, and on March 13, 1946, findings and conclusions were made in his favor. On March 16, 1946, pursuant to the findings and conclusions, the default judgment was entered.

On March 14, 1946, one day after the filing of the findings and conclusions and two days before the entry of judgment, Willard L. Craig, one of defendant's attorneys, met plaintiff's attorney on a street in Minneapolis and had a conversation with him, in the course of which

Craig referred to his inability to serve the answer. Plaintiff's attorney thereupon stated that he, Craig, "could take all the time he wanted to make answer to the complaint." Craig then suggested, in view of the difficulties he had had in finding plaintiff's attorney and his prior inability to serve the answer, that plaintiff's attorney call at the office of Craig & Morse to get a copy of the answer. This plaintiff's attorney agreed to do, on either March 15 or 18, 1946. He went to the office of Craig & Morse on the 18th and then informed Mr. Craig that he had taken a default judgment against defendant on March 12 *(sic)*. Thereupon defendant immediately moved to have the judgment opened, vacated, and set aside and for leave to answer.

■ Under Minn. St. 1945, § 544.32,[2] the court has the power to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. An attorney may waive failure of his client's adversary to serve pleadings within the time limited for the purpose. Smith v. Mulliken, 2 Minn. 273 (319); Dunnell, Minn. Pr. § 2040. Even where plaintiff has obtained an order of court for the entry of a default judgment, his attorney may consent to an answer by defendant and thereby waive the default and the right to enter judgment by default. Melosh v. Graham, 122 Wash. 299, 210 P. 667. Here, as in the case just cited, plaintiff's attorney consented to an answer by defendant after plaintiff had obtained a decision of the court authorizing the entry of judgment against defendant by default. It makes no difference that the agreement extending the time to answer is oral and not in writing. Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1. And, where a default judgment is taken contrary to an agreement or understanding between counsel for the parties, the court may grant relief therefrom upon the ground of surprise, if not others. Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248; Woods v. Woods, 16 Minn. 69 (81); 3 Dunnell, Dig. § 5026. Here, the trial judge granted defendant relief from the judgment in the reasonable exercise of his discretion. Notwithstanding the fact that defendant may have been in default when the decision authorizing the entry of the

---

[2]See, M. S. A. § 544.32, and cf. Mason St. 1927, § 9283.

default judgment was filed, a finding was justified that defendant was not in default when judgment was entered, because of the fact that, between the time of the decision authorizing the default judgment and the actual entry of it, plaintiff had consented to an answer and thereby had waived not only the default, but also the right to enter the default judgment. Having waived the right to enter judgment by default, plaintiff could no longer assert the right. A right waived is gone forever. 67 C. J., Waiver, § 14. Where, as here, legal ground exists for relief from a judgment taken by default, the court should grant the relief almost as of course. Defendant's difficulties with respect to serving the answer were of the making by plaintiff's attorney. He should have had an office at the address given in the summons for the purpose of enabling defendant to serve his answer there. See, Francis v. Knerr, 149 Minn. 122, 182 N. W. 988; Olmstead v. Firth, 64 Minn. 243, 66 N. W. 988. Some arrangement should have been made by plaintiff's attorney so that if he could not be found at the residence address he gave mail could at least have been delivered to him there. District Court Rule 13(a), 175 Minn. xli; Minn. St. 1945, p. 4197.

■ It is obvious that the answer sets forth a meritorious defense. The numerous cases where such defenses have been sustained make citation of authority unnecessary.

■ Plaintiff makes the further contention that the court erred in granting relief because of defendant's alleged failure to file an affidavit of merits. The contention is without factual merit, for the reason that defendant did in fact file an affidavit of merits on the day the motion was heard. No objection was made that the affidavit was filed too late.

Affirmed.