**Mary DOE, a minor, et al., Respondents,**

v.

**LEGACY BROADCASTING OF MINNESOTA, INC., et al., Defendants,**

**Christopher Tsipouras, Appellant.**

**No. C1–93–377.**

Court of Appeals of Minnesota.

Aug. 24, 1993.

James H. Kaster, Curtis D. Brown, Nichols, Kaster & Anderson, Minneapolis, for respondents.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, for appellant.

Considered and decided by PETERSON, P.J., and RANDALL and NORTON, JJ.

## OPINION

NORTON, Judge.

The trial court entered a default judgment against appellant because he failed to answer respondent's complaint in a timely fashion. Because we hold that respondent waived her objection to appellant's late answer, we reverse.

1. More precisely, the court held that appellant, David Parker, and Gary Saunders were jointly

## FACTS

Respondent Mary Doe served a complaint upon appellant Christopher Tsipouras on April 17, 1990. Respondent's complaint alleged that Tsipouras and several other men sexually assaulted her in a hotel room on August 9, 1989. Appellant was incarcerated at the Minnesota Correctional Facility at Oak Park Heights when served.

Appellant failed to answer respondent's complaint until September 12, 1991. When served with a copy of appellant's answer, respondent's attorney did not object to it as untimely. However, on January 10, 1992, respondent moved for a default judgment of $1,000,000 against appellant in Hennepin County District Court. Respondent's motion was based on appellant's failure to answer her complaint in a timely fashion. The trial court granted respondent's motion and ordered that judgment for $1,000,000 be entered against appellant.[1] The trial court held that appellant lacked a reasonable excuse for not answering respondent's complaint in a timely fashion and that respondent would suffer prejudice if the case proceeded to trial. Without moving to reopen or vacate the default judgment, appellant filed his notice of appeal.

## ISSUE

Did the trial court err in granting respondent's motion for default judgment?

## ANALYSIS

A default judgment may be entered against a party who fails to plead or otherwise defend a claim within the time allowed by the law. Minn.R.Civ.P. 55.01. An attorney may waive the right to object to an adversary's untimely service of pleadings. Bentley v. Kral, 223 Minn. 248, 251, 26 N.W.2d 532, 533 (1947) (citing Smith v. Mulliken, 2 Minn. 319, 322, 2 Gil. 273, 276 (1858)). In Bentley, the court granted relief from a default judgment because it held that the plaintiff who had accepted the untimely answer had waived the right to

and severally liable for the $1,000,000 amount.

enter default judgment. *Id.* 223 Minn. at 251–52, 26 N.W.2d at 533–34.

 Appellant argues that respondent waived any objection she might otherwise have had to his late answer by not objecting in a timely manner. Appellant served his answer upon respondent on September 12, 1991. Respondent's attorney did not object to the service at that time and accepted the answer. Approximately four months later, respondent moved for default judgment based upon the untimeliness of appellant's answer. Given these facts, appellant argues, respondent waived her objection to the untimeliness of appellant's answer. Under the doctrine of *Mulliken* and *Bentley,* we agree.

Four months passed between respondent's acceptance of appellant's answer and her motion for default judgment. During that time, the parties' attorneys contacted each other and participated in mediation. Moreover, they scheduled depositions of some of the witnesses that would testify at trial. Based on these facts, respondent cannot now be heard to object to the untimeliness of an answer that she had already accepted as the prerequisite to proceed to trial. We hold that respondent waived her objections to the untimeliness of appellant's answer. We base this decision on (1) the significant amount of time between respondent's receipt of appellant's answer and respondent's motion for default judgment, and (2) the parties' mediation and trial preparation, which demonstrated that respondent waived her objection to appellant's late answer.

Appellant also claims that the trial court's award of $1,000,000 in damages was excessive. Our conclusion that respondent waived her objection to appellant's late answer makes discussion of this issue unnecessary.

## DECISION

In accepting appellant's late answer and preparing for trial, respondent waived her objection to appellant's untimely answer.

Thus, the trial court's award of default judgment to respondent is reversed.

**Reversed.**