[Cite as *Complete Lawn Servs. v. Chimney Hill, L.L.C.*, 2016-Ohio-997.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| COMPLETE LAWN SERVICES, | : | CASE NO. CA2015-08-149 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>3/14/2016 |
| - vs - | : | |
| | : | |
| CHIMNEY HILL, LLC, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 14CVF02432

James P. Langendorf, 1081 North University Boulevard, Suite A, Middletown, Ohio 45042, for plaintiff-appellee

Joseph R. Matejkovic, 9078 Union Centre Boulevard, Suite 350, West Chester, Ohio 45069, for defendants-appellants

**M. POWELL, P.J.**

{¶ 1} Defendants-appellants, Chimney Hill, LLC ("Chimney Hill"), Kensington Ridge Partners, LLC ("Kensington Ridge"), and Piping Rock Partners, Inc. ("Piping Rock") (collectively "appellants"), appeal from the Middletown Municipal Court's decision granting default judgment to plaintiff-appellee, Complete Lawn Services ("CLS"). For the reasons that follow, we reverse the default judgment granted to CLS and remand the matter to the

municipal court for further proceedings.

{¶ 2} CLS provides landscaping and snow removal services to commercial and residential properties. Chimney Hill and Kensington Ridge own apartment complexes in Middletown, Ohio. Piping Rock manages both apartment complexes.

{¶ 3} On November 7, 2014, CLS filed a complaint against appellants in the municipal court, alleging that it was not paid for services rendered to the Chimney Hill and Kensington Ridge apartment complexes. Service was perfected upon all appellants on November 13, 2014.

{¶ 4} On February 9, 2015, appellants' counsel filed a notice of appearance in the action, and then filed an answer to CLS's complaint, without seeking leave to file the answer out of time. On February 11, 2015, a telephone report hearing was scheduled for late March 2015. Also on February 11, 2015, CLS served appellants' counsel with several discovery requests, including its requests for admission. Appellants failed to respond. Consequently, on March 18, 2015, CLS moved to have its requests for admission considered admitted. The next day, appellants served responses to CLS's requests for admission.

{¶ 5} On March 27, 2015, the telephone report hearing was conducted, and appellants filed a memorandum in opposition to treating CLS's requests for admission as admitted. On April 6, 2015, appellants filed a motion for leave to file an amended answer and a proposed amended answer. The municipal court never ruled on appellants' motion for leave to file an amended answer.

{¶ 6} The matter subsequently came before the magistrate for review. On June 4, 2015, the magistrate issued a decision finding as follows: (1) service of CLS's complaint on appellants was completed on November 13, 2014; (2) there was no docket entry for the motion for default filed by CLS sometime after that date; (3) no order was issued granting appellants an extension of time to file an answer; (4) appellants' counsel entered an

appearance on February 9, 2015, which was "well after the date of default"; (5) the parties filed numerous pleadings regarding discovery, but no orders had been issued concerning discovery or trial; (6) it is unknown why CLS did not follow up on its motion for default judgment. The magistrate noted that "[w]hile it is preferred that a case be decided on its merits, it is also clear that a disregard of the Rules of Procedure is not to be tolerated." The magistrate ordered that CLS's motion for default judgment "be entered of record immediately[,]" and then granted the motion. The municipal court adopted the magistrate's decision as the judgment of the court at the same time the decision was issued.

{¶ 7} Five hours after the magistrate's decision was issued, CLS's motion for default judgment against appellants was filed, and file-stamped with the same date as that of the magistrate's decision, i.e., June 4, 2015. This motion for default judgment was, apparently, the one to which the magistrate had referred in its decision as (1) not having a docket entry, and (2) having been filed by CLS "sometime after" the date on which service of CLS' complaint was completed. CLS alleged in its motion for default judgment that appellants had been properly served with its complaint but "none have appeared either in person or through counsel[,]" and therefore, CLS was entitled to default judgment against appellants in the amount of $11,249.44, plus interest and court costs.

{¶ 8} On June 9, 2015, the municipal court issued an order granting CLS's motion for default judgment and mandating that appellants pay CLS $11,249.44, plus post-judgment interest and costs. In the late afternoon of June 9, 2015, appellants filed a motion asking the municipal court to reconsider the magistrate's June 4 decision. On June 18, 2015, appellants filed (1) a memorandum in opposition to CLS's motion for default judgment filed on June 4, 2015, (2) a motion to vacate the municipal court's June 9 order granting CLS's motion for default judgment and damages, and (3) objections to the magistrate's June 4 decision.

{¶ 9} On July 6, 2015, the municipal court overruled appellants' objections and

adopted the findings of fact and conclusions of law in the magistrate's June 4 decision in their entirety. The municipal court entered default judgment against appellants in the amount of $11,259.44, plus interest and costs.

{¶ 10} On August 5, 2015, appellants filed a notice of appeal from the municipal court's July 6 judgment. On September 23, 2015, CLS moved pursuant to App.R. 9(E) to correct the municipal court's record. CLS stated that it did not file its motion for default judgment against appellants on June 4, 2015, but instead, on December 23, 2014. CLS noted that the municipal court had "included" a copy of CLS's motion for default judgment when it granted default judgment to CLS on June 4, 2015. CLS stated that it was a surprise to it that its motion for default judgment was file-stamped June 4, 2015, which CLS asserted "was clearly not the correct date." Consequently, CLS asked the municipal court to correct the record to have it reflect that CLS's default judgment motion was filed on December 23, 2014 rather than June 4, 2015, as the record currently indicated. On October 21, 2015, the municipal court granted CLS's motion and ordered that the record be corrected to show that CLS's motion for default judgment was filed on December 23, 2014.

{¶ 11} Appellants now raise the following assignments of error:

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS WHEN IT GRANTED DEFAULT JUDGMENT.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS WHEN IT ISSUED AN ORDER GRANTING JUDGMENT INSTEAD OF AN ENTRY GRANTING JUDGMENT.

{¶ 16} Before addressing appellants' assignments of error, we must first rule on their objection to CLS's post-judgment motion in the municipal court to correct the record pursuant

to App.R. 9(E). Appellants assert that CLS could not bring a motion to correct the record under App.R. 9(E), since the "Rules of Appellate Procedure clearly apply only to appellate proceedings in the Court of Appeals[.]" We find this argument unpersuasive.

{¶ 17} App.R. 9(E) states as follows:

**(E) Correction or modification of the record.**
If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

{¶ 18} As stated in *Leaseway Distrib. Ctrs., Inc. v. Dept. of Adm. Serv.*, 49 Ohio App.3d 99, 109 (10th Dist.1988), "App.R. 9(E) allows a trial court, after a record is transmitted to the court of appeals, to correct or modify its record." The plain language of App.R. 9(E) shows that the rule applies to trial courts as well as courts of appeals. *Lebanon v. Dennis*, 12th Dist. Warren No. CA93-08-063, 1994 WL 160172 (trial court may sua sponte supplement the record on appeal). Additionally, since App.R. 9(E) permits the trial court to direct that an omission or misstatement be corrected "either before or after the record is transmitted to the court of appeals[,]" the rule clearly contemplates that a situation may arise in which a trial court is asked by one of the parties to correct the record during the pendency of an appeal. *See State v. Wilson*, 12th Dist. Butler No. CA87-10-140, 1988 WL 59424 (prosecuting attorney requesting trial court to correct record on appeal). *See also State v. Lowe*, 12th Dist. Fayette No. CA89-12-032, 1991 WL 153321. We now turn to appellants' assignments of error.

{¶ 19} In their first assignment of error, appellants contend that the municipal court

erred in granting default judgment to CLS on its complaint. They present several arguments in support of this assignment of error. We shall address those arguments in an order and manner that will facilitate our analysis of the issues raised by this assignment of error.

{¶ 20} In their second and third arguments, appellants contend that the municipal court erred in granting CLS default judgment, because they were not served with written notice of CLS's application for default judgment at least seven days prior to the hearing on such application, as required by Civ.R. 55(A), even though they had "appeared" in the action, for purposes of that rule. Appellants further contend that not only did they not receive the seven-day written notice of CLS's application for default judgment as required by Civ.R. 55(A), they were not provided with *any* notice that the municipal court was considering awarding default judgment against them at the time that it did. We find these arguments persuasive.

{¶ 21} An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse-of-discretion standard. *Nix v. Robertson*, 12th Dist. Butler No. CA2012-08-157, 2013-Ohio-777, ¶ 9. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Despite this deferential standard of review, courts of appeals and trial courts, alike, must be mindful that "[g]enerally, the law disfavors default judgments" and "[t]he general policy in Ohio is to decide cases on their merits whenever possible." *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist.1993).

{¶ 22} Here, the municipal court granted default judgment because appellants failed to serve their answer to CLS's complaint within 28 days after service of the summons and complaint upon them, as required by Civ.R. 12(A)(1), and "a disregard of the Rules of Procedure is not to be tolerated." However, the record shows that the municipal court failed

to comply with the notice requirements of Civ.R. 55(A) before granting default judgment.

{¶ 23} Civ.R. 55(A) states, in pertinent part, as follows:

> **(A) Entry of judgment**
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has *appeared in the action*, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

(Emphasis added.) Here, it is clear that appellants "appeared" in the action, for purposes of Civ.R. 55(A), and therefore they were entitled to written notice of CLS's application for default judgment at least seven days prior to the hearing on such application.

{¶ 24} In *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 90 (1984), the Ohio Supreme Court found that there was "little question" that an employer had made an "appearance" in the action, for purposes of Civ.R. 55(A), by initiating the cause that was before the court, namely, the employer's appeal from the Industrial Commission's order awarding a claimant additional workers' compensation for an aggravation of a pre-existing condition, *and* by having a telephone conversation in which the claimant's attorney was made sufficiently aware of the employer's intention to defend the suit. The court determined that because the employer had appeared in the action, he was entitled under the "plain language" of Civ.R. 55(A) to receive notice of the application for default judgment at least seven days prior to the hearing on the application. *Id.* The court explained the rationale for its decision as follows:

> [T]his court's holding today is in keeping with the spirit of Civ.R. 55(A) in particular and with the Civil Rules in general. A notice requirement similar to the one in Civ.R. 55 has been described as follows: It is " * * * a device intended to protect those parties who, although delaying in a formal sense by failing to file [timely] pleadings * * *, have otherwise indicated to the moving party a clear purpose to defend the suit." [Footnote omitted.] As

discussed above, appellant-employer made clear its purpose to defend the suit. The purpose of the notice requirement will be emasculated if appellant-employer is not given sufficient time (*i.e.,* seven days) to show cause why it should be allowed to file a late answer and to show that it had a meritorious defense.

More generally, the policy underlying the modernization of the Civil Rules – *i.e.,* the abandonment or relaxation of restrictive rules which prevent hearing of cases on their merits – is central to this issue and this court has long been mindful of this policy in its construction of the rules.

*AMCA Internatl. Corp.* at 91.

{¶ **25**} In *Baines*, 87 Ohio App.3d 345, this court, citing *AMCA Internatl. Corp.*, held that the appellants made an appearance in the action by having a telephone conversation with counsel for appellees in which they discussed a possible settlement of appellees' lawsuit against them. *Id.* at 346-347. Other courts also have interpreted Civ.R. 55(A)'s phrase "appeared in the action" liberally or broadly. *See, e.g., GMAC Mtge., L.L.C. v. Lee,* 10th Dist. Franklin No. 11AP-796, 2012-Ohio-1157, ¶ 11-12 (despite failure to file an answer, defendant's actions constituted an appearance where defendant filed a formal request for mediation and an extension of time to answer the complaint and also participated in the requested mediation).

{¶ **26**} In *Hiener v. Moretti*, 11th Dist. Ashtabula No. 2009-A-0001, 2009-Ohio-5060, the court considered a situation similar to the one presently before us. In *Hiener*, the appellant filed a complaint seeking payment of attorney fees. *Id.* at ¶ 2. When the appellees failed to file an answer, appellant filed a motion for default judgment under Civ.R. 55. *Id.* Appellees then filed a late answer. *Id.* at ¶ 2-3. The trial court granted appellant's motion for default judgment without providing notice to appellees. *Id.* Appellees then filed a Civ.R. 60(B) motion for relief from judgment, arguing they were entitled to relief because, even though they filed their answer late, their untimeliness was the result of excusable neglect. *Id.* at ¶ 3. The trial court granted appellees' motion, concluding relief was appropriate because,

as a result of their untimely filing of an answer, appellees made an "appearance in the action," and therefore, pursuant to Civ.R. 55(A), were entitled to notice of a hearing on appellant's application for default judgment. *Id.* Appellant then appealed to the Eleventh District Court of Appeals. *Id.* at ¶ 4. The Eleventh District affirmed the trial court's decision, reasoning as follows:

> [A]ppellant is correct that an untimely filing of an answer does not act to fulfill a defendant's obligations under Civ.R. 12(A)(1). Rather, as appellant points out, an untimely answer may only be filed beyond the twenty-eight day period set forth under Civ.R. 12(A) after submission of a written motion and a finding of excusable neglect. See Civ.R. 7(B)(1) and Civ.R. 6(B); see, also, *Miller v. Lint* (1980), 62 Ohio St.2d 209, 214, 404 N.E.2d 752. However, a trial court's decision granting or denying a party leave to file an answer late is a legally different question from whether an untimely answer constitutes an "appearance." *Kime v. Dierksheide* (May 24, 1985), 6th Dist. No. WD-85-7, 1985 Ohio App. LEXIS 7731, *4. Indeed, the distinction is implicit in the language of Civ.R. 55(A): The rule indicates a default judgment may be entered when a defendant has failed to plead or defend; however, once a defendant has "appeared" (without filing a responsive pleading or defending the action), he or she is then entitled to notice of at least seven days. While one necessarily "appears" via a proper pleading, one does not have to properly plead to "appear."

*Hiener* at ¶ 12.

{¶ 27} Here, the record shows that appellants' counsel (1) filed a notice of appearance, an answer, a motion for leave to file an amended answer, and a proposed amended answer, (2) engaged in discovery with CLS's counsel, and (3) participated in a telephone report hearing with the municipal court and CLS's counsel, all before the municipal court rendered default judgment against appellants. We conclude that the record shows that appellants "appeared" in the action for purposes of Civ.R. 55(A).

{¶ 28} We further conclude that the record supports appellants' claim that the municipal court granted default judgment to CLS without providing any notice to appellants that it was considering CLS's motion. In fact, appellants would have been completely

unaware of the pendency of CLS's default judgment motion, since the motion was filed prior to their counsel's appearance in the action, the motion was never served on appellants, and the motion was not noted in the municipal court's docket until after appellants filed their notice of appeal. Additionally, while it is true that appellants' answer was untimely and they never sought leave to file an answer out of time, neither did CLS move to strike the answer. *See Suki v. Blume*, 9 Ohio App.3d 289, 290-291 (8th Dist.1983) (where a party files an answer out of time and without leave, default judgment should not be granted as long as the answer stands as part of the record).

{¶ 29} In light of the foregoing, we conclude that appellants appeared in the matter, for purposes of Civ.R. 55(A), and therefore were entitled under that rule to be served with written notice of CLS's application for default judgment at least seven days prior to the hearing on such application. Since appellants never received such notice, the municipal court erred in granting default judgment against them.

{¶ 30} In their first argument under this assignment of error, appellants note that granting default judgment under Civ.R. 55(A) is proper only when a party "has failed to plead or otherwise defend as provided by these rules[.]" Appellants assert that they "absolutely pled and defended this action" since their counsel (1) filed a notice of appearance, an answer, a response to CLS's requests for admission, a motion for leave to file an amended answer, and a proposed amended answer, (2) participated in a telephone conference with the municipal court and CLS's counsel, and (3) exchanged more than a dozen communications with CLS's counsel. Appellants observe that more than four months elapsed between the time they filed their answer to CLS's complaint and the time default judgment was granted to CLS. Appellants contend that, in light of the foregoing, the trial court erred by granting default judgment against them four months after they filed an answer to CLS's complaint.

{¶ 31} While they have not characterized it as such, appellants' argument essentially amounts to a claim that CLS should be deemed to have "waived" its right to default judgment by not exercising it in a prompt manner. While there does not appear to be much authority in this state on this issue, there is a substantial amount of authority outside this state regarding waiver of the right to default judgment.[1]

{¶ 32} Some states do not recognize that a party may waive his or her right to default judgment. *See, e.g., Lewis v. Crowe*, 296 Ark. 175, 177-179 (1988) (a trial court abuses its discretion by refusing to grant a default judgment after the period for an answer has expired in the absence of excusable neglect, unavoidable casualty, or other just cause). However, other states have recognized that, in certain instances, a party may be found to have impliedly waived its right to a default judgment.

{¶ 33} For example, in *Ewing v. Johnston*, 175 Ga.App. 760 (1985), the court held that the "statutory right to judgment following default" is not an "indefeasible right," but instead, may be asserted or waived by a plaintiff who proceeds with the action without taking advantage of his or her right to judgment in a timely and proper manner. *Id*. at 764. The court noted that "such a waiver need not be expressed, but may be implied in law by conduct or circumstances inconsistent with the right to judgment." *Id*. The court listed a number of acts that have been held by various states to constitute an implied waiver of the right to default judgment, including (1) allowing the defaulting party to plead, (2) extending the time to plead, (3) going to trial on the merits, and (4) announcing ready for trial and introducing evidence on the merits. *Id*. at 764-65. After finding that "[a]ll of these indicia of waiver [we]re present" in the case before it, the court determined that the appellant had waived his right to default judgment. *Id*. at 765.

---

1. *See* Annotation, *Waiver of Right to Default Judgment*, 64 A.L.R.5th 163 (1998).

{¶ 34} Additionally, in *Doe v. Legacy Broadcasting of Minnesota, Inc.*, 504 N.W.2d 527 (Minn.Ct.App.1993), the court reversed the trial court's decision awarding default judgment to respondent on her complaint against appellant alleging that appellant and several other men had sexually assaulted her in a hotel room. *Id.* at 528. In that case, four months passed between appellant filing an untimely answer to respondent's complaint and respondent filing a motion for default judgment, during which time the parties' attorneys contacted each other and participated in mediation, and scheduled depositions of some of the witnesses who would testify at trial. *Id.* The court found that "[b]ased on these facts, respondent cannot now be heard to object to the untimeliness of an answer that she had already accepted as the prerequisite to proceed to trial[,]" and held "that respondent waived her objections to the untimeliness of appellant's answer." *Id.* at 529. The court based its decision to reverse the default judgment on "(1) the significant amount of time [i.e., four months] between respondent's receipt of appellant's answer and respondent's motion for default judgment, and (2) the parties' mediation and trial preparation, which demonstrated that respondent waived her objection to appellant's late answer." *Id.*

{¶ 35} In the case presently before us, the magistrate's decision, which was adopted by the municipal court in its entirety, mentions that, after appellants' counsel filed his entry of appearance in the case, "numerous pleadings were filed by both parties regarding admissions, interrogatories[,] and production of documents[,]" and that "[n]o orders have been issued concerning discovery or trial." This language indicates that the municipal court believed that this case had not progressed to a point at which CLS could be viewed as having waived its right to default judgment. However, the municipal court did not actually rule on the question of whether CLS should be deemed to have waived its right to default judgment as a result of its litigating this case for four months, and without moving on its motion for default judgment, objecting to appellants' untimely answer, or moving to strike

appellants' untimely answer. Additionally, appellants, who clearly "appeared" in the action, were not served with written notice of CLS's application for default judgment at least seven days prior to the hearing on such application as required by Civ.R. 55(A), and therefore appellants were deprived of a fair opportunity to argue this issue in the municipal court.

{¶ 36} Consequently, we reverse the default judgment and remand this matter to the municipal court, with instructions that it consider whether it should deny CLS's motion for default judgment for the reason that CLS impliedly waived its right to default judgment by: (1) failing to follow up on its motion for default judgment filed on December 23, 2014; (2) allowing four months to pass between the time appellants filed their untimely answer and the time the municipal court awarded CLS default judgment, without raising an objection to appellants' untimely answer or moving to strike it from the record; and (3) engaging in several months of discovery with appellants and participating in a telephone report hearing with the municipal court and appellants. Should the trial court determine that appellee has not waived its right to default judgment, it shall provide appellants with the notice required by Civ.R. 55(A) before proceeding with its consideration of the motion for default judgment.

{¶ 37} Accordingly, appellants' first assignment of error is sustained.[2]

{¶ 38} In their second assignment of error, appellants contend that the municipal court erred to their prejudice by issuing an "order" granting judgment, rather than an "entry" granting judgment. Appellants' second assignment of error has been rendered moot in view of our resolution of their first assignment of error, and therefore we need not decide it. *See*

---

2. Appellants also raise a fourth argument in support of their first assignment of error in which they contend that this is not a case where the defendant in the action failed to file any answer or waited until a motion for default judgment was pending before filing an answer; rather, they filed their answer before CLS raised the issue of a possible default and before the municipal court granted default judgment against them, sua sponte. However, this argument is of little or no avail to appellants, since this *is* a case where the "defendants" in the action (i.e., appellants) failed to file their answer until almost two months after it was due and without seeking leave to file an answer out of time.

App.R. 12(A)(1)(c).

{¶ 39} The judgment of the municipal court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

RINGLAND and HENDRICKSON, JJ., concur.