[Cite as *Nix v. Robertson*, 2013-Ohio-777.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


NANCY NIX, Treasurer,                    :

    Plaintiff-Appellee,                  :        CASE NO.   CA2012-08-157

                            :        O P I N I O N
  - vs -                                                         3/4/2013

                            :

OSCAR P. ROBERTSON, et al.,               :

    Defendants-Appellants.               :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-04-1346


Michael T. Gmoser, Butler County Prosecuting Attorney, Susan R. Schultz, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Richard S. Wayne, Stephen E. Schilling, The Federal Reserve Bldg., 150 East Fourth Street, Cincinnati, Ohio 45202, for defendant-appellant

J. Dustin Thacker, Michael N. Schaeffer, 255 East Fifth Street, Suite 2400, Cincinnati, Ohio 45202, for defendants, Tower Bank and Trust and Fifth Third Bank


**PIPER, J.**

    {¶ 1}   Defendant-appellant, Oscar Robertson, appeals a decision of the Butler County

Court of Common Pleas, ordering foreclosure of real estate he owns.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2}   Robertson owns a piece of property and building that serves as the corporate headquarters of Orchem, a business also owned by Robertson.  Towner Bank and Trust Company also has an interest in the property, as does Fifth Third Bank.  The property is subject to delinquent land taxes, assessments, charges, penalties, and interest.  Plaintiff-appellee, the Butler County Treasurer, filed an action in foreclosure on April 9, 2012.  On April 16, 2012, a summons and a copy of the foreclosure complaint were sent by certified mail to the tax mailing address listed for the subject real estate, i.e, the building owned by Robertson.  On May 4, 2012, the summons and complaint were returned as "unclaimed" and a failure of service was noted in the case file.  On May 8, 2012, a summons was sent by ordinary mail to the business address, and a certificate of mailing was filed with the court on May 11, 2012.

{¶ 3}   After receiving no answer from Robertson, the Butler County Treasurer moved for default judgment.  A copy of the motion was sent by mail to Robertson using the business address.  The motion for default judgment was also mailed to Fifth Third Bank and Tower Bank and Trust Company.  On June 26, 2012, Tower Bank and Trust Company filed a praecipe with the court clerk, asking the clerk to serve Robertson, by certified mail, a copy of its response to the county's default judgment motion and its cross-claim against Robertson. The clerk sent Tower Bank and Trust Company's response and cross-complaint to the business address, which was signed for by a Denise Ramey.  Robertson did not respond to the default judgment motion or the cross-claim.  On July 18, 2012, the trial court granted default judgment and ordered a sheriff's sale of the property.  Notice of the trial court's judgment and order was sent to the business address by ordinary mail.

{¶ 4}   On August 16, 2012, Robertson filed a Civ.R. 60(B) motion to set aside the default judgment, claiming that he did not receive notice of the foreclosure action because all notices were sent to the business address instead of Robertson's home address.  Robertson

- 2 -

claims that he had not visited the business location because he has worked from home ever since his wife became ill, a year prior to the foreclosure action. Robertson also requested leave of the trial court to file an answer, and to stay the court's order of sale. While the trial court stayed the sheriff's sale upon agreement of the parties, it did not set aside the default judgment.

{¶ 5} The day after Robertson filed the Civ.R. 60(B) motion with the trial court, he also filed a notice of appeal in this court. The trial court stayed the resolution of Robertson's Civ.R. 60(B) motion because Robertson had filed an appeal from the entry of default judgment. On appeal, Robertson raises the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ENTERING DEFAULT JUDGMENT AGAINST APPELLANT WHEN SERVICE HAD NOT BEEN PERFECTED.

{¶ 8} Robertson argues in his first assignment of error that the trial court erred by entering default judgment against him because service had not been perfected.

{¶ 9} An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse of discretion standard. *First Horizon Home Loans v. Sims*, 12th Dist. No. CA2009-08-117, 2010-Ohio-847. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} It is well-settled that due process "requires that notice must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *In re Foreclosure of Liens*, 62 Ohio St.2d 333 (1980), paragraph one of the syllabus, citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652 (1950).

{¶ 11} Essentially, Robertson argues that service was not perfected because (1) service was never sent to his residency, and (2) because the subject property has not been his place of business for over a year because he has worked from home due to his wife's illness. However, the record indicates that Robertson listed the address for the business as his address on tax records on file with the Butler County Treasurer's Office, and never informed the county that he no longer received mail at the business address.

{¶ 12} According to R.C. 323.13, "a change in the mailing address of any tax bill shall be made in writing to the county treasurer." Robertson never notified the county of any change of address, as he was obligated to do. Robertson was sent notice of the complaint and the ultimate default judgment at the address he listed on the tax records filed with the county, and no other party had any knowledge, actual or otherwise, that Robertson did not receive mail at that address.[2] See *Hinkle v. Washington*, 12th Dist. No. CA96-04-088, 1996 WL 571367 (Oct. 7, 1996) (finding that service was not perfected where plaintiff had actual knowledge of defendant's alternate address but failed to send notice there and therefore did not send notice that was reasonably calculated to reach the defendant).

{¶ 13} Robertson's business address consequently remained the address officially given the county as the address to send mailings. Therefore, the county was not required to seek out alternative addresses as Robertson contends. Once the certified letter returned unclaimed, the county could send the complaint by ordinary mail. According to Civ.R. 4.6(D),

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after

---

2. As previously stated, even Robertson's bank believed the business address was the proper location to send mail addressed to Robertson. If Robertson had not been there for over a year, he presumably made his own arrangements for mail to be forwarded.

notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk.

The record is clear that once the original service via certified was returned as "unclaimed," the county filed a praecipe for regular mail service, and a certificate of mailing was executed and documented on record. Therefore, service was perfected.

{¶ 14} Robertson essentially argues that the trial court should have vacated the default judgment ruling because he has since stated that he never received notice of the filing. However, and as will be discussed further within Robertson's second assignment of error, the issue of whether the default judgment should be *vacated* is unripe at this juncture. Instead, the only question before this court pursuant to Robertson's first assignment of error is whether the trial court abused its discretion by *granting* default judgment and by finding that service was perfected. Service was issued in accordance with the civil rules. Therefore, the trial court did not abuse its discretion in granting the default judgment once Robertson failed to answer. As such, Robertson's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT APPELLANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT.

{¶ 17} Robertson argues in his second assignment of error that the trial court erred in failing to set aside the default judgment.

{¶ 18} We need not address this assignment of error, however, because the trial court did not rule on Robertson's Civ.R. 60(B) motion, nor did the trial court have jurisdiction to do so. Instead, and by virtue of Robertson filing a direct appeal of the trial court's decision

granting default judgment, the trial court had no authority to rule upon the Civ.R. 60(B) motion. *Fifth Third Mortgage Co. v. Orebaugh*, 12th Dist. No. CA2011-03-039, 2011-Ohio-4472.

{¶ 19} Robertson lists several reasons why the trial court should set aside the default judgment, including his arguments that he never received the notice, he does not do business at the business address where he was sent notice, and that Denise Ramey, who signed the receipt of certified mail, was not his agent and therefore could not have accepted notice on his behalf.[3] However, these arguments relate to whether Robertson can prove that he is entitled to relief from the default judgment, not regarding whether service was valid as executed on behalf of the Butler County Treasurer. The record indicates that the trial court did not have any of the information regarding Robertson working from home or Ramey not being Robertson's agent at the time it made its decision to grant the default judgment. Once this court relinquishes its jurisdiction, the trial court can take into consideration reasons advanced by Robertson as to why the default judgment should be vacated.

{¶ 20} This court's analysis and conclusion overruling Robertson's first assignment of error do not in any way impact Robertson's ability to move the trial court to set aside the default judgment. Once this court renders judgment, the trial court will again have jurisdiction over this matter, and may proceed to consider Robertson's Civ.R. 60(B) motion. At this time, however, Robertson's arguments regarding his Civ.R. 60(B) motion are not ripe for review.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

3. Robertson's claim regarding Denise Ramey may only be applicable to Robertson's receipt of Tower Bank and Trust Company's cross-claim.