[Cite as *Lemasters v. Lemasters*, 2019-Ohio-4395.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| TIFFANY LEMASTERS, | : | |
| Appellee, | : | CASE NO. CA2018-06-018 |
| | : | O P I N I O N |
| - vs - | | 10/28/2019 |
| | : | |
| DONALD LEMASTERS, | : | |
| Appellant. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRA 20140092

Tiffany Lemasters, 401 McDermott St., Apt. 711, Deer Park, Texas 77536, appellee, pro se

Donald Lemasters, 2027 Irene Ave., Warren, Ohio 44483, appellant, pro se

**M. POWELL, J.**

{¶ 1} Appellant, Donald Lemasters ("Father"), appeals the decision of the Madison County Court of Common Pleas, denying his motion for custody of his minor child, E.L. For the reasons set forth below, the trial court's judgment is affirmed.

{¶ 2} Father and appellee, Tiffany Lemasters ("Mother"), were married in June 1996. Five children were born issue of the marriage, including S.L., born in December 1999, C.L., born in November 2001, and E.L., born in December 2003. Mother and Father were divorced in March 2015. At that time, Father was incarcerated and Mother was awarded custody of the parties' five children. Due to Father's incarceration, he did not attend the final divorce hearing and was not awarded any visitation time in the divorce decree.

{¶ 3} Three months after the parties' divorce, Mother moved with the children to Texas. Thereafter, in 2017, S.L. and C.L. began living with Father in Ohio. Although E.L. did not reside with Father in 2017, she visited Father throughout July and August of that year. In September 2017, E.L. returned to live with Mother in Texas.

{¶ 4} In August 2017 Father filed a motion for custody of S.L., C.L., and E.L. Mother did not file a response to Father's motion, despite the trial court granting her an extension of time to do so. Thereafter, Father moved for default judgment pursuant to Civ.R. 55, alleging that because Mother failed to respond to his motion for custody, the trial court should award Father custody of the children. The trial court deferred ruling on Father's default judgment motion until a hearing was held regarding his motion for custody of the minor children.

{¶ 5} In March 2018, the trial court held a hearing regarding Father's motions. Neither Mother nor E.L. was present at the hearing. Father, S.L., and C.L. testified at the hearing. Upon consideration of the evidence and the R.C. 3109.04(F)(1) best interest factors, the trial court awarded Father custody of S.L. and C.L. but denied his motion for custody of E.L.

{¶ 6} Father now appeals, raising four assignments of error for this court's review. For the ease of review, we will address Father's assignments of error out of order.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION FOR NOT GRANTING THE DEFENDANT CUSTODY OF E.L.

{¶ 9} Father argues the trial court abused its discretion by declining to award him custody of E.L. Specifically, Father claims that "if the [trial court] had considered the best interest of the child and all the factors in R.C. 3109.04, * * * [it] could not have denied [Father's] motion for custody."

{¶ 10} A trial court's decision regarding custody will not be reversed absent an abuse of discretion. *Bechtol v. Bechtol*, 49 Ohio St.3d 21 (1990), syllabus. However, the trial court's discretion in custody matters, while broad, is not absolute. In determining whether a modification of custody is warranted, the trial court must follow R.C. 3109.04(E)(1)(a). Pursuant to that statute, the juvenile court cannot modify a prior decree unless it finds: (1) that there has been a change in circumstances since the time of the prior decree, and (2) that the modification is necessary to serve the best interest of the child.

{¶ 11} If a change in circumstances has occurred, "the trial court can modify custody only if the modification is necessary to serve the best interest of the child." *Hunter-June v. Pitts*, 12th Dist. Butler No. CA2013-09-178, 2014-Ohio-2473, ¶ 14. In determining the best interest of a child, the trial court is required to consider all relevant factors listed in R.C. 3109.04(F)(1).

{¶ 12} The trial court found that a change in circumstances had occurred since the prior custody determination was made. Specifically, the court found that Mother's relocation to Texas qualified as a change of circumstances.

{¶ 13} The trial court also considered the relevant best interest factors within R.C. 3109.04(F)(1) and emphasized the R.C. 3109.04(F)(1)(a) and (b) factors. Regarding its consideration of the wishes of the parents pursuant to R.C. 3109.04(F)(1)(a), the trial court

found that Mother, unlike her position regarding S.L. and C.L., was not in agreement that E.L. should reside in Ohio with Father.[1] Regarding its consideration of the wishes of the children pursuant to R.C. 3109.04(F)(1)(b), the trial court noted that while S.L. and C.L. testified at the hearing regarding their desire to live with Father, the court did not have the opportunity to have a similar conversation with E.L. However, the trial court indicated that even if E.L. had testified, it was unsure whether her wishes would have altered the trial court's decision due to her young age. After weighing each of the best interest factors, the trial court found that a change in custody was not in E.L.'s best interest.

{¶ 14} After a review of the record, we find the trial court did not abuse its discretion in denying Father's motion for custody of E.L. Father initially claims the trial court failed to consider the unrebutted testimony that E.L. wished to reside with Father. However, the record indicates that the trial court was presented with differing evidence as to whether E.L. desired to live with Father. Specifically, although Father and S.L. testified that E.L. wished to live with Father, E.L. was not present at the hearing and did not testify as to her wishes. Additionally, the trial court heard testimony from C.L., who indicated that Mother had agreed to allow the children to live with Father if it would make the children happy. According to C.L., Mother maintained this opinion for all three children, including E.L., but E.L. remained in Texas while he and S.L. moved to Ohio. At the hearing, C.L. could not explain why E.L. did not move to Ohio with her older siblings.

{¶ 15} We also reject Father's argument that the trial court did not give proper weight to the testimony regarding Mother's boyfriend, who S.L. and C.L. described as someone they did not like, and as a person with bad habits who sometimes made the children feel uncomfortable. While the record reflects that S.L. and C.L. testified that they disliked

---

1. The trial court based this finding upon Mother's permitting S.L. and C.L to remain with Father in Ohio but requiring E.L. return to Texas.

Mother's boyfriend, the trial court found that the children were not afraid of or intimidated by him. This finding is supported by the record. Specifically, S.L. indicated that she did not like her Mother's boyfriend because he was mean to her dogs, but that she had returned to Texas to visit Mother since moving to Ohio. S.L. described the visit as "fun." Similarly, C.L. testified that although he disliked Mother's boyfriend because of his "weird" habits, he had been present in the household for a few years and their relationship had only recently become tense. Considering the children's descriptions of Mother's boyfriend, we find no error in the weight given by the trial court to their general feelings of dislike.

{¶ 16} We further reject Father's contention that the trial court did not adequately consider E.L.'s medical condition and Father's testimony that she was not taking her medicine while with Mother. While Father indicated he had concerns regarding E.L.'s medical condition and that she was not taking her medicine while with Mother, E.L. did not testify at the hearing to confirm whether or not she was taking her medication. Moreover, despite Father's contention that the trial court did not consider his concerns, the trial court noted and considered E.L.'s medical condition when rendering its decision, but evidently gave more weight to Mother's desire for E.L. to remain in Texas and the fact that E.L.'s wishes were unknown.

{¶ 17} Regarding all of Father's foregoing contentions, as a reviewing court, we must keep in mind that "the trial court is better equipped to examine and weigh the evidence, determine the credibility, attitude and demeanor of witnesses, and make decisions concerning custody." *In re A.B.*, 12th Dist. Butler No. CA2009-10-257, 2010-Ohio-2823, ¶ 21. Accordingly, although some factors may weigh in favor of awarding Father custody of E.L., the evidence is not so overwhelming as to suggest that the trial court abused its discretion in concluding to the contrary. As such, Father's second assignment of error is overruled.

{¶ 18} Assignment of Error No. 1:

{¶ 19} THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING THE "MOTION FOR DEFAULT JUDGMENT" FILED BY THE DEFENDANT ON THE PLAINTIFF FOR NOT COMPLYING WITH THE CIVIL RULES OF PROCEDURE.

{¶ 20} Father argues the trial court abused its discretion in declining to grant his motion for default judgment, despite acknowledging that Mother failed to respond to his motion for custody. Father further argues that Mother has disregarded the Ohio Rules of Civil Procedure, which the trial court should not tolerate.

{¶ 21} Father filed for a default judgment pursuant to Civ.R. 55, which states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to * * * establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings * * * as it deems necessary[.]

{¶ 22} An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse-of-discretion standard. *Nix v. Robertson*, 12th Dist. Butler No. CA2012-08-157, 2013-Ohio-777, ¶ 9. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*, *citing Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Despite this deferential standard of review, courts of appeals and trial courts, alike, must be mindful that "[g]enerally, the law disfavors default judgments" and "[t]he general policy in Ohio is to decide cases on their merits whenever possible." *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist.1993).

{¶ 23} In this case, the trial court initially deferred ruling on Father's motion for default judgment until it heard testimony regarding the facts of his motion for custody, as required

by R.C. 3109.04(E)(1). At the conclusion of the hearing, the trial court orally denied Father's motion for default judgment as procedurally inappropriate in a child custody case. In doing so, the trial court explained that the law "is very clear that the Court shall not modify a prior decree allocating parental rights and responsibilities unless the Court determines that there has been a change in circumstances * * * and that that modification is necessary to serve the best interest of the child." Thus, the trial court indicated that granting default judgment to Father prior to satisfying its duty under R.C. 3109.04 would have been improper.

{¶ 24} Father argues this was an abuse of discretion because a default judgment in his favor was warranted, as Mother was served with the motion for custody and there was no response or answer by Mother. As such, Father appears to argue that Mother's failure to respond should have resulted in an award of custody to Father, regardless of the trial court's determination pursuant to R.C. 3109.04(E)(1). We find no abuse of discretion by the trial court in declining to grant default judgment to Father.

{¶ 25} Civ. R. 55 specifically permits a trial court to defer ruling upon a motion for default judgment pending hearing to "establish the truth of any averment by evidence or to make an investigation of any other matter." There is an obvious necessity for such a hearing in child custody matters where the primary concern is the best interest of the child. Granting a default judgment simply upon the request of the moving party without considering the best interest of the child would have been inappropriate in this proceeding.

{¶ 26} Accordingly, Father's first assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT FOR NOT GRANTING HIM VISITATION RIGHTS AFTER THE TRIAL COURT JUDGE DENIED THE DEFENDANT CUSTODY OF E.L.

{¶ 29} In granting Father's motion for custody of S.L. and C.L., the trial court ordered that aside from the change in custody and Mother's visitation with S.L. and C.L., the remaining provisions of the original decree were to remain unchanged. As a result, Father remained without any visitation rights to E.L. and his youngest two children. Father claims this is equivalent to a permanent termination of his parental rights to E.L., and therefore violates his due process rights.

{¶ 30} Father was not awarded any visitation rights in the original decree due to his incarceration at the time of the divorce. However, the divorce decree did not preclude Father from raising the issue when he was no longer incarcerated. We note that Father did not raise the issue of visitation in his motion for custody or request visitation in the event his motion for custody was denied. As such, no decision by the trial court in this case is a "termination of his visitation rights" or precludes Father from being granted visitation in a future proceeding. As a result, and despite his concerns, Father is not foreclosed from readdressing the issue of visitation with E.L., or his other two children, in the future.

{¶ 31} Father's third assignment of error is overruled.

{¶ 32} Assignment of Error No. 4:

{¶ 33} THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT FOR DENYING HIM A FAIR PROCEEDING WHEN HE CONTINUED AND PROCEEDED WITH THE HEARING WITHOUT THE PLAINTIFF APPEARING IN COURT.

{¶ 34} In his final assignment of error, Father argues that the trial court violated his right to due process when it denied his motion for default judgment and proceeded with the hearing despite Mother's absence. Specifically, Father claims he was not provided a fair trial because he was unable to cross-examine Mother and the trial court could not interview E.L. However, as discussed above, the trial court did not abuse its discretion in denying

- 8 -

Father's motion for default judgment. We further find that Father's due process rights were not violated simply because Mother was not present at the custody hearing.

{¶ 35} The fundamental requirements of due process are notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976), citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965). Father claims he was not provided a fair trial, and was denied his right to be heard, because he was unable to cross-examine Mother and the trial court could not interview E.L. at the custody hearing. However, the record reflects that at the beginning of the custody hearing, the trial court informed Father and his counsel that Father was required to establish: (1) there had been a change of circumstances; and (2) that it's in the best interest of the children to make a custody change. To satisfy this burden, Father elected to testify and to present the testimony of S.L. and C.L. in support of his motion for custody. The record does not reflect that Father undertook efforts to compel appearances by Mother and E.L. or to otherwise obtain their testimony.[2] There was no objection from Father or his counsel regarding Mother's absence at any point during the hearing, nor did Father request that the hearing be continued.

{¶ 36} It was Father's responsibility to offer sufficient evidence supporting a change of custody. Thus, if Father required Mother's and E.L.'s testimony in support of his motion, it was Father's obligation to obtain the testimony through the means available to him, including interrogatories, a deposition, or a subpoena. As a result, we find Father was not precluded from presenting his case to the trial court, and the trial court did not violate due process by proceeding with the hearing in Mother's absence.

{¶ 37} Accordingly, Father's fourth assignment of error is overruled.

---

2. Father acknowledged at oral argument that no subpoenas had been issued by Father to secure the attendance of either Mother or E.L. at the hearing.

{¶ 38} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.