[Cite as *Deere & Co. v. Brown*, 2022-Ohio-1898.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| DEERE & COMPANY, | : | |
| Appellee, | : | CASE NO. CA2021-12-069 |
| | : | O P I N I O N |
| - vs - | | 6/6/2022 |
| | : | |
| JASON M. BROWN, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CVH 00330

Weltman, Weinberg & Reis Co., L.P.A., and Daniel A. Friedlander, for appellee.

Jason M. Brown, pro se.

**S. POWELL, J.**

{¶ 1} Appellant, Jason M. Brown, appeals the decisions of the Clermont County Court of Common Pleas denying his motion to strike and granting the motion for default judgment filed by appellee, Deere & Company ("Deere"). For the reasons outlined below,

we affirm the common pleas court's decisions.[1]

## Facts and Procedural History

**{¶ 2}** On February 28, 2020, Deere filed a complaint against Brown in the Court of Common Pleas for Hamilton County, Ohio. Within its complaint, Deere alleged Brown had defaulted on the terms and conditions of a loan contract/security agreement that it had entered into with Brown on February 2, 2018. Deere also alleged within its complaint that, because of Brown's default, Brown owed it a total amount of $37,959.77, plus interest at a rate of 2.9% per annum, and court costs. Deere's complaint was signed by Attorney Andrew Voorhees with the law firm Weltman, Weinberg & Reis Co., L.P.A.

**{¶ 3}** On March 16, 2020, Brown, appearing pro se, filed a motion to dismiss Deere's complaint for lack of personal jurisdiction or, alternatively, improper venue. To support his motion, Brown argued the Hamilton County Court of Common Pleas did not have personal jurisdiction over him since he did not reside in Hamilton County, Ohio, "nor did any of the alleged transactions occur within Hamilton County, Ohio."[2]

**{¶ 4}** On April 2, 2021, over a year after Deere filed its complaint against Brown, a judge with the Hamilton County Court of Common Pleas issued an entry directing the transfer of the case to the Clermont County Court of Common Pleas (hereinafter, "common pleas court"). The record indicates this transfer was effectuated on April 12, 2021 after the Clermont County Clerk of Courts sent letters to both Brown and Deere informing them of the transfer. Brown does not dispute that he received this letter.

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

2. Despite Brown having filed a motion to dismiss Deere's complaint for lack of personal jurisdiction or, alternatively, improper venue, the record indicates the service of summons and copy of Deere's complaint had not been properly served on Brown. Because of this, on June 8, 2020, Deere filed a motion with the Hamilton County Court of Common Pleas requesting it "reissue summons" and a copy of its complaint to Brown via certified mail. The record indicates that Brown was thereafter served with the summons and copy of Deere's complaint by certified mail on June 11, 2020.

{¶ 5} On July 23, 2021, Deere filed a motion with the common pleas court seeking a default judgment against Brown. Deere filed its motion pursuant to Civ.R. 55(A), which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

{¶ 6} As required by Civ.R. 5(B)(4), Deere's motion for default judgment included a certificate of service, which stated:

> A copy of the foregoing Motion for Default Judgment was served upon the Defendant, Jason M. Brown, at the address listed in the Plaintiff's Complaint on this __19__ day of July, 2021 by Regular U.S. Mail.

Just like Deere's complaint, Deere's motion for default judgment was also signed by Attorney Voorhees with the law firm Weltman, Weinberg & Reis Co., L.P.A.

{¶ 7} On August 4, 2021, the common pleas court issued a notice to both Deere and Brown informing them that a hearing on Deere's motion for default judgment was scheduled to take place on August 20, 2021. Eight days later, on August 12, 2021, Brown filed a motion to continue that hearing. In support of his motion, Brown stated:

> On or around July 23, 2021 Deere filed a Motion for Default Judgment however a copy of the motion was not received by Brown. Therefore Brown has been unable to file a Response to Deere's Motion for Default Judgment. A hearing has been scheduled for August 20, 2021 on the Motion for Default Judgment however Brown has never received a copy of the motion from Deere. * * *
>
> Brown respectfully requests that the Court order [Deere] to

- 3 -

provide a copy of the Motion for Default Judgment so Brown can respond to their motion. Furthermore, Brown requests a continuance of the hearing currently scheduled for August 20, 2021 so Brown can receive and respond to Deere's Motion for Default Judgment.

**{¶ 8}** On September 8, 2021, the common pleas court issued another notice to Deere and Brown informing them that the hearing on Deere's motion for default judgment had been rescheduled to take place on September 24, 2021. The record indicates Brown appeared at this hearing pro se, whereas Attorney Scott Collister with the law firm Brock & Scott, PLLC appeared on behalf of Deere. The record does not contain a transcript of the hearing on Deere's motion for default judgment. However, despite the lack of transcript, the record nevertheless indicates Brown did not object to Attorney Collister appearing and making arguments on Deere's behalf at that hearing.

**{¶ 9}** On October 1, 2021, approximately one week after the hearing on Deere's motion for default judgment concluded, Brown filed a "Document Request" asking the common pleas court to fax him a copy of Deere's complaint and motion for default judgment. Three days later, on October 4, 2021, Brown filed a motion to strike "all statements and arguments made by Attorney Scott Collistter" at the September 24, 2021 hearing on Deere's motion for default judgment. To support this motion, Brown argued:

> Mr. Collister is not the attorney of record on this case nor does Mr. Collister work for the law firm that is representing [Deere] in this matter. * * * Mr. Collister has not entered a Notice of Appearance in this case nor has the firm that Mr. Collister works for entered a Notice of Appearance in this case. Therefore, Mr. Collister had no authority to attend the hearing on September 24, 2021 on behalf of [Deere] and all statements and arguments made by Mr. Collister should not be taken into consideration.

**{¶ 10}** On November 2, 2021, Brown, still appearing pro se, and without first receiving leave, filed with the common pleas court an untimely answer to Deere's complaint it had originally filed with the Hamilton County Court of Common Pleas on February 28,

- 4 -

2020. In his answer, Brown generally denied Deere's allegations against him. This includes Deere's allegations set forth within paragraph three of the complaint that Brown had defaulted on the terms and conditions of the loan contract/security agreement "by failing to make all payments as required." This is in addition to Brown arguing the loan contract/security agreement was "not a valid, enforceable contract," as well as Brown arguing the common pleas court did not have "proper subject matter and personal jurisdiction" over him pursuant to the terms of the loan contract/security agreement.

{¶ 11} On November 22, 2021, the common pleas court issued a decision denying Brown's motion to strike and granting Deere's motion for default judgment. In so holding, the common pleas court stated in regard to Brown's motion to strike:

> At the September 24, 2021 hearing, [Brown] made no objection to the appearance of Scott Collister on behalf of [Deere]. Frankly, he has no grounds to object. Mr. Collister was there as a representative of [Deere], not [Brown]. "One lawyer may appear for another at a motion hearing without changing the designation of the attorney in charge. Furthermore, the requirements to withdraw or substitute counsel are to protect the attorney's own client, not the opposing party." [Archie v. Lynaugh, 2000 Tex. App. LEXIS 7629, *7-*8 (Nov. 9, 2000)]. As pointed out in [Deere's] brief in opposition to [Brown's] motion to strike, it is common practice for attorneys to cover hearings in cases where they are not the attorney of record when that attorney of record is unavailable.

{¶ 12} The common pleas court then stated in regard to Deere's motion for default judgment against Brown, "[t]he court finds that default judgment against [Brown] is warranted on the issue of damages because the defendant never asked for leave to file an answer out of time and his failure to file was not due to excusable neglect." The common pleas court also found "[Brown's] untimely-filed answer is not in good form and substance, but rather represents a delaying tactic of attempting either a dismissal or second case transfer, while acknowledging the existence of the loan contract between [Deere] and [Brown]." Later explaining why that was, the common pleas court stated:

> In the case at bar, [Brown] is a pro se litigant. * * * While recognizing that [Brown] is allowed reasonable leeway in his pleadings, in the case at bar he is clearly demonstrating by his conduct and pleadings that any additional leeway at this time would be unreasonable. For example, if, in fact [Brown] did not receive a copy of the motion for default judgment that [Deere's] attorney certified was mailed to [him] when filed, then he certainly was aware of the motion when he received the notification of hearing date card from the clerk of courts for the default hearing originally scheduled for August 20, 2021. At the default hearing, which was continued to September 24, 2021, [Brown] stated that he had received this notification of hearing card. After that hearing, instead of stopping by the clerk's office on his way out of the courthouse for a copy of the motion, [Brown] waited a full week and filed his "Document Request" for copies of the motion and complaint.

(Emphasis deleted.) Concluding, the common pleas court entered judgment against Brown in favor of Deere in the requested amount of $37,959.77, plus interest at a rate of 2.9% per annum, and court costs.

### Brown's Appeal and Single Assignment of Error

{¶ 13} On December 15, 2021, Brown filed a timely notice of appeal from the common pleas court's decisions denying his motion to strike and granting Deere's motion for default judgment. Oral argument was thereafter held before this court on May 9, 2022. Brown's appeal now properly before this court for decision, Brown has raised the following single assignment of error for review.

{¶ 14} THE TRIAL COURT ERRED WHEN IT GRANTED DEERE & COMPANY'S MOTION FOR DEFAULT JUDGMENT AND DENIED JASON M. BROWN'S MOTION TO STRIKE.

{¶ 15} In his single assignment of error, Brown argues the common pleas court erred by denying his motion to strike and by granting Deere's motion for default judgment. We disagree.

### Brown's Motion to Strike

- 6 -

{¶ 16} "The determination of a motion to strike is within the trial court's broad discretion." *Bank of N.Y. Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 9, citing *Ireton v. JTD Realty Invests., L.L.C.*, 12th Dist. Clermont No. CA2010-04-023, 2011-Ohio-670, ¶ 19. Because of this, "[a]n appellate court reviews a trial court's decision granting or denying a motion to strike under an abuse-of-discretion standard of review." *New Residential Mtge. LLC v. Barnes*, 12th Dist. Warren No. CA2020-04-027, 2020-Ohio-6907, ¶ 16. An abuse of discretion is more than an error of law or judgment. *First Horizon Homes Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 11. An abuse of discretion implies the common pleas court's attitude was unreasonable, arbitrary, or unconscionable. *Complete Lawn Servs. v. Chimney Hill, LLC*, 12th Dist. Butler No. CA2015-08-149, 2016-Ohio-997, ¶ 21. "Under this standard, an appellate court may not substitute its judgment for that of the trial court." *Figetakis v. My Pillow*, 9th Dist. Summit No. 29843, 2022-Ohio-1078, ¶ 16, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} Brown argues it was error for the common pleas court to deny his motion to strike all of the statements and arguments advanced by Attorney Collister at the September 24, 2021 hearing on Deere's motion for default judgment. This is because, according to Brown, it was only the attorney of record, Attorney Voorhees, or another attorney with whom Attorney Voorhees worked with at Weltman, Weinberg & Reis Co., L.P.A., who could enter an appearance at that hearing and make arguments on Deere's behalf. However, as the record indicates, Brown never objected to Attorney Collister entering an appearance on Deere's behalf at the September 24, 2021 hearing until ten days after that hearing concluded on October 4, 2021. But, even if Brown had initially objected to Attorney Collister's appearance, Brown cannot demonstrate any resulting prejudice therefrom. This is particularly true here when considering Brown did not provide this court with a transcript

of the September 24, 2021 hearing at issue. Under these circumstances, this court must presume the regularity of those proceedings of which Brown now complains.

{¶ 18} In so holding, we note our agreement with the common pleas court's decision finding Brown did not have any grounds to object to Attorney Collister appearing and arguing on Deere's behalf at the September 24, 2021 hearing. This is because, just as the common pleas court stated when denying Brown's motion to strike, "Mr. Collister was there as a representative of [Deere], not [Brown]." We also note our agreement with the common pleas court's decision finding it common practice for attorneys to cover hearings in cases where they are not the attorney of record when the attorney of record is otherwise unavailable. For Brown, a pro se litigant, to claim otherwise is simply incorrect and serves as yet another example of Brown's misunderstanding of the way properly licensed attorneys practice law within this district, this state, and across this country. Therefore, finding no error, Brown's first argument alleging the common pleas court erred by denying his motion to strike lacks merit.

### Deere's Motion for Default Judgment

{¶ 19} "Default judgments are not favored in the law." *Engelhart v. Bluett*, 1st Dist. Hamilton No. C-160189, 2016-Ohio-7237, ¶ 19. This is because granting a default judgment is analogous to granting a dismissal. *Freedom Mortg. Corp. v. Petty*, 8th Dist. Cuyahoga No. 95834, 2011-Ohio-3067, ¶ 50. "This reasoning lies in their origins being rooted in procedure-based technicalities, rather than the submission of adequate evidence, triggering liability." *Edgecomb v. Toledo Nights, Inc.*, 6th Dist. Lucas No. L-19-1022, 2019-Ohio-5274, ¶ 12. Therefore, because granting a default judgment is considered a harsh remedy that is generally disfavored in the law, "[w]hen possible, cases should be decided on their merits rather than on procedural grounds." *Pitts v. DiLabbio*, 6th Dist. Lucas No. L-12-1343, 2013-Ohio-3854, ¶ 8, citing *Fowler v. Coleman*, 10th Dist. Franklin No. 99AP-

319, 1999 Ohio App. LEXIS 6480 (Dec. 28, 1999).

{¶ 20} "Default judgments are governed by the defining and notice provisions of Civ.R. 55(A)." *Northland Ins. Co. v. Poulos*, 7th Dist. Mahoning No. 06 MA 160, 2007-Ohio-7208, ¶ 42. As noted above, Civ.R. 55(A) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

"An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse-of-discretion standard." *Lemasters v. Lemasters*, 12th Dist. Madison No. CA2018-06-018, 2019-Ohio-4395, ¶ 22, citing *Nix v. Robertson*, 12th Dist. Butler No. CA2012-08-157, 2013-Ohio-777, ¶ 9.

{¶ 21} Brown argues it was error for the common pleas court to grant Deere's motion for default judgment because the letter sent to him by the Clermont County Clerk of Courts on April 12, 2021 notifying him that the case had been transferred to Clermont County did not comply with Civ.R. 3(D)(3) in that it "failed to inform him that he had twenty-eight days from the receipt of the notice to answer in the transferred action." The record is devoid of any evidence indicating Brown raised this issue to the common pleas court. This is significant given the well-established principle that a party may not raise new issues or legal theories for the first time on appeal. *BAC Home Loans Servicing, LP v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 33.

{¶ 22} However, even when assuming Brown did not waive this issue by raising it for

the first time on appeal, the plain language set forth in Civ.R. 3(D)(3) clearly indicates the special 28-day notice Brown claims was missing from the Clermont County Clerk of Court's letter must be provided to the defendant only "in an action in which the defendant has not appeared." The record is clear that Brown "appeared" in this action for purposes of Civ.R. 3(D)(3) early on by filing a motion to dismiss Deere's complaint for lack of personal jurisdiction or, alternatively, improper venue. Therefore, given the record properly before this court, Brown's claim the common pleas court erred by granting Deere's motion for default judgment because the letter sent to him by the Clermont County Clerk of Courts did not comply with Civ.R. 3(D)(3) lacks merit.

**{¶ 23}** In reaching this decision, we note Brown's claim that he was "under the assumption" a new complaint "would be served in the case with the proper case caption showing the case was not in Clermont County." Brown also claims that "he was simply unaware of the time requirements due to a clerical error by the clerk of courts." However, although we allow pro se litigants reasonable leeway in their pleadings, *see New Falls Corp. v. Pierson*, 12th Dist. Clermont No. CA2013-03-023, 2014-Ohio-567, ¶ 6, pro se litigants like Brown "are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with the law." *Fontain v. H&R Cincy Props.*, LLC, 12th Dist. Warren No. CA2021-02-015, 2022-Ohio-1000, ¶ 26. Pro se litigants are also "not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Therefore, this court must hold Brown "to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Adena at Miami Bluffs Condominium Owners' Assn., Inc. v. R. Hugh Woodward*, 12th Dist. Warren No. CA2020-08-044, 2021-Ohio-3872, ¶ 20.

**{¶ 24}** Brown also argues it was error for the common pleas court to grant Deere's

motion for default judgment because Deere's motion was filed with the common pleas court one day later than what was required by Civ.R. 5(D).[3] However, just like Brown's prior argument related to Civ.R. 3(D)(3) addressed more fully above, the record is also devoid of any evidence indicating Brown raised this issue with the common pleas court. But, even when again assuming Brown did not waive this issue by raising it for the first time on appeal, Brown has failed to establish how he may have been prejudiced by Deere filing its motion one day later then what was required by Civ.R. 5(D). Therefore, given the record properly before this court, Brown's claim the common pleas court erred by granting Deere's motion for default judgment because Deere's motion was filed with the common pleas court one day later than what was required by Civ.R. 5(D) lacks merit.

{¶ 25} Brown further argues it was error for the common pleas court to grant Deere's motion for default judgment because "[t]he case at hand did not proceed beyond the pleading stage," and because he "did not show a complete disregard for the judicial system by filing a late answer" when considering Deere had filed "untimely responses" and motions that were prejudicial to him. Although couched in slightly different terms, Brown's argument is essentially that the common pleas court erred by finding his failure to file a timely answer to Deere's complaint was not the result of excusable neglect. We disagree.

{¶ 26} "Civ.R. 6(B)[2] permits a court to extend the time prescribed by the civil rules for performing an act upon a showing of excusable neglect." *Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574, ¶ 6. Specifically, Civ.R. 6(B)(2) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a

---

3. Pursuant to Civ.R. 5(D), "[a]ny paper after the complaint that is required to be served shall be filed with the court within three days after service." The purpose of Civ.R. 5(D) is to 'ensure that the opposing party is promptly served with filings.'" *Carelli v. Canfield Local Sch. Dist. Bd. of Educ.*, 7th Dist. Mahoning No. 18 MA 0012, 2019-Ohio-1096, ¶ 26, quoting *Sovey v. Lending Group of Ohio*, 8th Dist. Cuyahoga No. 84823, 2005-Ohio-195, ¶ 16. "The rule is not meant be a sanction." *Sovey* at ¶ 18. The subsequent filing is instead considered to be a "secondary act." *Nosal v. Szabo*, 8th Dist. Cuyahoga Nos. 83974 and 83975, 2004-Ohio-4076, ¶17.

specified time, the court for cause shown may at any time in its discretion * * * , or * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

{¶ 27} "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances." *Esken v. Zurich American Ins. Co.*, 12th Dist. Preble No. CA2003-11-022, 2004-Ohio-3668, ¶ 9. Neglect is considered inexcusable if the neglect "falls substantially below what is reasonable under the circumstances." *Zugg v. Wisby*, 12th Dist. Warren No. CA2010-08-079, 2011-Ohio-2468, ¶ 10, citing *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St. 3d 470, 473 (1992). Neglect is also considered inexcusable if the neglect "can be regarded as a 'complete disregard for the judicial system.'" *Id.*, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995). "Because the court's decision to grant or deny an extension rests within its discretion, a reviewing court will not disturb the decision of the lower court absent an abuse of that discretion." *State ex rel. Doe v. Register*, 12th Dist. Clermont No. CA2008-08-081, 2009-Ohio-2448, ¶ 12.

{¶ 28} In this case, when taking into consideration all the surrounding facts and circumstances presented, we find no error in the common pleas court's decision finding Brown's failure to file a timely answer to Deere's complaint was not the result of excusable neglect. Just as the common pleas court found, and with which we agree, "defendant's untimely-filed answer is not in good form and substance, but rather represents a delaying tactic of attempting either a dismissal or second case transfer, while acknowledging the existence of the loan contract between the plaintiff and the defendant." Rather than simply

filing an answer, Brown's tactics have now delayed the inevitable for over two years. Nothing about Brown's conduct in failing to file a timely answer to Deere's complaint can be considered excusable when Brown's liability on the loan contract/security agreement has been so clearly established by the evidence in the record. The common pleas court's decision has effectively put a stop to Brown's continued efforts to avoid paying Deere what Deere is owed on the loan contract/security agreement at issue. Therefore, given the record properly before this court, Brown's claim that the common pleas court erred by finding his failure to file a timely answer to Deere's complaint was not the result of excusable neglect lacks merit.

## Conclusion

{¶ 29} For the reasons outlined above, and finding no merit to any of the arguments raised by Brown herein, Brown's single assignment of error lacks merit and is overruled.

{¶ 30} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.