[Cite as *Sherman v. Eichenlaub*, 2025-Ohio-1880.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |  |
|---|---|---|---|
| MARY SHERMAN, ET AL., | : | | CASE NO. CA2024-08-017 |
| Appellees, | : | | |
| | : | | O P I N I O N AND JUDGMENT ENTRY 5/27/2025 |
| - vs - | : | | |
| | : | | |
| LAVERNE EICHENLAUB, | : | | |
| Appellant. | : | | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20234002A

Collins & Slagle Co., LPA, and Ehren W. Slagle, for appellees.

Butler and Marshall, and D. Brent Marshall, for appellant.

_____

**O P I N I O N**

**M. POWELL, J.**

{¶ 1}  Appellant, Laverne Eichenlaub, appeals the decision of the Madison County Court of Common Pleas, Probate Division, entering default judgment. For the reasons discussed below, we affirm.

## I. Factual and Procedural Background

**{¶ 2}** Appellees are the family of William Sullivan. Prior to William's death, he had a non-marital relationship with appellant. During that relationship, on October 16, 2020, William executed a transfer on death beneficiary designation in which appellant was designated as the beneficiary of his residence upon his death. Appellees believed this affidavit to be invalid as the product of undue influence and William's diminished mental capacity.

**{¶ 3}** Appellees attempted to resolve the matter informally with appellant and engaged in settlement negotiations through appellant's counsel. Appellant sought to sell the property. To avoid a lawsuit to enjoin the sale, the parties agreed to go forward with the sale with the escrow of the sale proceeds and later disbursement pursuant to agreement or court order. Thereafter, appellant did not meaningfully engage with appellees in settlement discussions. After appellant rejected a settlement offer, on December 27, 2023, appellees filed a complaint in the Madison County Probate Court to set aside the transfer on death beneficiary designation affidavit.

**{¶ 4}** On December 22, 2023, appellees' counsel provided a courtesy copy of the complaint to appellant's counsel, requested that appellant waive service, and provided a proposed waiver of service form. Appellees also requested that counsel provide them with appellant's address as her whereabouts were unknown. On March 14, 2024, appellees' counsel inquired of appellant's counsel concerning the status of the waiver of service and was advised that he should have the waiver "any day now." When the waiver was not forthcoming, appellees' counsel again inquired concerning the status of the waiver on March 19, 22, and 27, 2024. On March 27, 2024, appellant's counsel advised that he had received the waiver in the mail that day. When the waiver was not received by appellees' counsel or filed with the probate court, appellee's counsel made further

inquiry on March 28, 2024 and April 2, 9, and 16, 2024 without response.

{¶ 5} In the meantime, after appellees' private research revealed that appellant was residing in Georgia, they hired a private process server on February 8, 2024, to serve appellant with the complaint. By February 27, 2024, the private process server had made five attempts to serve appellant with the complaint, but despite the process server seeing movement inside appellant's home and appellant's car in the driveway, no one would answer the door. Consequently, appellees requested that service upon appellant be made by U.S. certified mail. Certified mail service of the complaint on appellant was completed on March 13, 2024.

{¶ 6} On March 15, 2024, appellees served appellant's counsel with discovery requests, including requests for admissions. Appellant's counsel had agreed to accept the discovery requests on appellant's behalf.

{¶ 7} Pursuant to the Rules of Civil Procedure, appellant's answer to the complaint was due by April 10, 2024 and her responses to the requests for admission were due by April 12, 2024. Both deadlines passed without appellant answering, appearing, defending, or seeking extensions of time. On April 25, 2024, appellees filed a motion for a default judgment pursuant to Civ.R. 55 and notice that appellant had admitted the matters set forth in appellees' requests for admissions due to her failure to answer or object pursuant to Civ.R. 36(A)(1). Courtesy copies of the foregoing were provided to appellant's counsel by email on April 24, 2024.

{¶ 8} On May 3, 2024, without having been granted an extension, appellant served appellees with a response to their discovery requests. On May 20, 2024, 40 days out of time and without seeking leave of court, appellant filed a perfunctory answer consisting of two paragraphs which denied all allegations of the complaint and asserted all affirmative defenses set forth in Civ.R. 8(C). Appellees' counsel was not served with

appellant's answer despite the certificate of service certifying that he had. Appellees' counsel only discovered that the answer had been filed by checking the probate court's online docket.

{¶ 9} On June 11, 2024, appellees filed a motion to strike appellants' answer as it was filed out of time and without leave or an extension of time. On June 3, 2024, the probate court provided the parties notice that it would conduct a pretrial on the matter on June 20, 2024. The pretrial proceeded as scheduled. During the pretrial it was discovered that appellees' motion for default judgment, while having been filed, had inadvertently not been docketed by the clerk. The probate court allowed appellant time to file responses to appellees' motions for default judgment and to strike appellant's answer. On July 1, 2024, appellant filed a memorandum in opposition to default judgment and the motion to strike and the notice regarding the requests for admissions. Appellant also filed a motion pursuant to Civ.R. 6(B)(2) for leave to file her answer out of time.

{¶ 10} Pursuant to entry of July 29, 2024, the probate court (1) granted appellees' motion to strike appellant's answer as it was filed out of time and appellant had not demonstrated that the late filing was the product of excusable neglect and ordered the answer stricken; (2) denied appellant's motion to strike the notice of admissions and ordered the matters deemed admitted; (3) granted appellees' motion for default judgment and declared the transfer on death beneficiary designation affidavit invalid; and (4) ordered the sale proceeds from William's home in the sum of $267,084.39 released from escrow and disbursed to appellees.

{¶ 11} Appellant timely filed a notice of appeal on August 23, 2024. On appeal, appellant raises two assignments of error for our review.

**II. Legal Analysis**

{¶ 12} Assignment of Error No. 1:

> THE TRIAL COURT ERRED IN GRANTING APPELLEE'S
> MOTION FOR DEFAULT JUDGMENT. [sic]

{¶ 13} In her first assignment of error, appellant argues the probate court erred in granting default judgment against her because she had not "failed to plead or otherwise defend" as required by Civ.R. 55(A). Appellant asserts that pre-suit negotiations, phone calls, and e-mails exchanged between the parties constitute defending the suit and therefore precluded default judgment.

{¶ 14} An appellate court reviews a trial court's decision to grant or deny a motion for default judgment under an abuse-of-discretion standard. *Nix v. Robertson*, 2013-Ohio-777, ¶ 9 (12th Dist.). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Courts of appeals and trial courts, alike, must be mindful that generally, the law disfavors default judgments and the general policy in Ohio is to decide cases on their merits whenever possible. *Lemasters v. Lemasters*, 2019-Ohio-4395, ¶ 22 (12th Dist.). However, as the Supreme Court has stated, "A defendant's right to force a plaintiff to prove his or her claim depends upon the defendant's compliance with the Civil Rules and the timely filing of an answer to the complaint. Otherwise, the sanctions for noncompliance would lose their deterrent effect." *Davis v. Immediate Med. Servs.*, 80 Ohio St.3d 10, 15 (1997) (finding the trial court abused its discretion when it permitted the defendant to file an answer out of time without some showing of excusable neglect).

{¶ 16} Civ.R. 12(A)(1) expressly provides "The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him; if service

of notice has been made by publication, he shall serve his answer within twenty-eight days after the completion of service by publication." Pursuant to Civ.R. 6(B), filing a late answer can only be accomplished "upon motion" and "where the failure to act was the result of excusable neglect." A defendant's failure to comply with these procedures gives the plaintiff the right to move for default judgment. *Miller v. Lint,* 62 Ohio St.2d 209, 214 (1960).

{¶ 17} To that end, Civ.R. 55(A) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court . . . ." In the present case, appellant was served with the complaint on March 13, 2024 and therefore, pursuant to Civ.R. 12(A) was required to file her answer by April 10, 2024, but she failed to do so. Appellees were thus entitled to move for default judgment, which they did on April 25, 2024. Only after being served with the motion for default judgment did appellant file an answer, well out of time, on May 20, 2024—yet she did so without first filing a motion for leave and without claiming, much less demonstrating, excusable neglect as required by Civ.R. 6(B)(2).

{¶ 18} That appellant exchanged certain communications with appellees' attorney and engaged in some limited and ultimately unsuccessful negotiations prior to the filing of the suit is irrelevant. Appellant's brief seems to suggest that these pre-suit communications and her belated filings in response to appellees' motion for default judgment and notice of admissions undermine the probate court's finding that she "failed to meaningfully engage in the litigation process." They do not. Rather, appellant's dilatory conduct, belated filings, and failure to establish excusable neglect demonstrate a conscious disregard for the Ohio Rules of Civil Procedure. Therefore, the probate court did not abuse its discretion in granting default judgment in favor of appellees.

{¶ 19} Appellant's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

THE TRIAL COURT ERRED IN ADMITTING APPELLEE'S REQUEST FOR ADMISSIONS. [sic]

{¶ 21} In her second assignment of error, appellant argues that the probate court erred in admitting appellees' request for admissions. In support of her argument, appellant reiterates that she engaged in certain pre-suit communications, emphasizes that she engaged in discovery on May 3, 2024 via e-mail with opposing counsel's paralegals, and highlights the fact that a clerical error resulted in the filed notice of admissions not being listed on the docket.

{¶ 22} Civ.R. 36 governs requests for admissions. Specifically, pursuant to Civ.R. 36(A)(1), "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." As this court has stated previously, "[w]hen a party fails to timely respond to a request for admissions, the admissions become facts of record, which the court must recognize." *January Invs., LLC v. Ingram*, 2010-Ohio-1937, ¶ 17 (12th Dist.). However, this court has also determined that "[a] trial court may permit the withdrawal or amendment even if the admission is the result of a party's untimely failure to respond." *Baron v. Buckner*, 1991 Ohio App. LEXIS 1895, *5 (12th Dist. Apr. 29, 1991). This is because Civ.R. 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). "The court may permit the

withdrawal [or amendment] if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action." *Id.* A trial court's decision whether to permit withdrawal or amendment is reviewed for an abuse of discretion. *Buckner* at *6.

{¶ 23} Here, appellant was served appellees' request for admissions on March 15, 2024. Appellant's written responses were due to appellees on April 12, 2024, but appellant failed to timely respond and never sought an extension of time. Her failure to do so was not an isolated incident but occurred within the context of appellant's other obstructive and dilatory conduct. It was only after appellees filed the notice of admissions, on April 25, 2024, that appellant finally served incomplete discovery responses via e-mail on May 3, 2024. The fact that the notice of admissions was not immediately docketed due to a clerical error did not prevent appellant from timely responding and did not otherwise cause her prejudice. Finally, her pre-suit communications with opposing counsel are irrelevant to this issue.

{¶ 24} Appellant has provided no justification for her delayed response to the request for admissions and no proper reason why the probate court should not have deemed the matters admitted. The probate court did not abuse its discretion by denying appellant's motion to strike the notice of admissions.

{¶ 25} Appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 26} We find that the probate court did not err in granting default judgment in favor of appellees and did not err in denying appellant's motion to strike the notice of admissions.

{¶ 27} Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas, Probate Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


/s/ Matthew R. Byrne, Presiding Judge


/s/ Robin N. Piper, Judge


/s/ Mike Powell, Judge