[Cite as *D.M v. J.D.*, 2017-Ohio-4118.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| D.M., | : | |
| Appellant, | : | CASE NO. CA2016-08-010 |
| | : | O P I N I O N |
| - vs - | | 6/5/2017 |
| | : | |
| J.D., | : | |
| Appellee. | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. AD20070490

Kornman Law Office, LLC, Sharon A. Kornman, 731 S. South Street, P.O. Box 1041, Wilmington, Ohio 45177, for appellant

Kathryn Janes, P.O. Box 827, 23 Woodland Avenue, Kingston, Ohio 45644, for appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, D.M. (Mother), appeals a decision of the Fayette County Court of Common Pleas, Juvenile Division, awarding custody of her son to his father, defendant-appellee, J.D. (Father).

{¶ 2} Mother and Father were not married, and Father's paternity was established by the juvenile court. Mother maintained custody of the child since his birth, but Father moved

for custody after his parentage was established. The juvenile court ordered shared parenting, and Mother was designated residential parent for school purposes.

{¶ 3} Three years later, Father again moved for custody. The juvenile court interviewed the child, held multiple hearings, and eventually awarded custody to Father after finding that a change of circumstances had occurred. Mother now appeals the juvenile court's decision, raising three assignments of error. Because the three assignments of error are interrelated, we will address them together for ease of discussion.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING A CHANGE OF CIRCUMSTANCES.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION FINDING THAT THE BEST INTEREST OF THE CHILD IS SERVED BY GRANTING CUSTODY OF [THE CHILD] TO FATHER.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE TRIAL COURT FAILED TO COMPLY WITH R.C. 3109.04(E)(1)(a) WHEN IT DID NOT WEIGH THE HARM LIKELY TO BE CAUSED BY THE CHANGE OF ENVIRONMENT AGAINST THE ADVANTAGES OF THE CHANGE IN ENVIRONMENT TO THE CHILD.

{¶ 10} Mother argues in her three assignments of error that the juvenile court abused its discretion by awarding custody of the child to Father.

{¶ 11} Juvenile courts enjoy broad discretion in custody proceedings. *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220, ¶ 16. As a result, the standard of review in custody decisions is whether the trial court abused its discretion. *C.D. v. D.L.*, 12th Dist. Fayette No. CA2006-09-037, 2007-Ohio-2559, ¶ 14. An abuse of discretion implies that

the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court must not substitute its judgment for that of the trial court. *Morrison v. Robinson*, 12th Dist. Fayette No. CA2012-06-019, 2013-Ohio-453, ¶ 26.

{¶ 12} In determining whether a modification of custody is warranted, the trial court must follow R.C. 3109.04(E)(1)(a). Pursuant to that statute, the juvenile court cannot modify a prior decree unless it first makes two express findings: (1) that there has been a change in circumstances since the time of the prior decree, and (2) that the modification is necessary to serve the best interest of the child.

{¶ 13} While R.C. 3109.04 does not provide a definition of the phrase "change in circumstances," Ohio courts have held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Preece v. Stern*, 12th Dist. Madison No. CA2009-09-019, 2010-Ohio-857, ¶ 10. Thus, in order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one "of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶ 14} If a change in circumstances has occurred, "the trial court can modify custody only if the modification is necessary to serve the best interest of the child." *Hunter-June v. Pitts*, 12th Dist. Butler No. CA2013-09-178, 2014-Ohio-2473, ¶ 14. In determining the best interest of a child, the trial court is required to consider all relevant factors listed in R.C. 3109.04(F)(1).

{¶ 15} Additionally, and according to R.C. 3109.04(E)(1)(a), a juvenile court is required to retain the residential parent designated by the prior shared parenting decree unless a modification is in the best interest of the child and one of the following applies, (1) the residential parent agrees to the change, (2) the child, with the consent of the residential

parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent, or (3) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 16} The juvenile court found that a change in circumstances had occurred since the prior custody determination was made. Specifically, the court determined that "Mother's choice of male companionship is of such concern as to qualify as a change of circumstances."

{¶ 17} The record indicates that since the time Mother was named residential parent, Mother has had several romantic relationships within a short amount of time. At least one of these relationships was with a man who was later arrested while caring for the child. Specifically, Mother allowed her boyfriend to supervise the child, and it was later discovered on the day the boyfriend was caring for the child, he had cocaine and other drugs on his person. A deputy testified at a hearing that he arrested Mother's boyfriend on a day that the boyfriend was caring for the child, and that the boyfriend tried to hide the drugs in his mouth when he knew of police presence. Mother's boyfriend was arrested for cocaine-related offenses as well as tampering with evidence, and Mother had to come and pick up the child.

{¶ 18} The record also indicates the child reported that Mother's boyfriend smacked him so hard in the face that one of his teeth fell out. There was also reference in the record that the child reported a sexually-related encounter between the child's half-brother, the child, and Mother's boyfriend in which the child stopped Mother's boyfriend from engaging in oral sex with the child's half-brother.

{¶ 19} Mother's relationships with multiple men, and one in particular who was accused of physical abuse and sexual conduct involving the child, indicate that circumstances had changed since the time Mother was named residential parent. This is

especially true where Mother placed the child in her boyfriend's care, and the boyfriend was arrested for drug-related activity while the child was in his care. We therefore find that the juvenile court did not abuse its discretion in finding that Mother's relationship choices constituted a situation that had a material and adverse effect upon the child which resulted in a change of circumstances.

**{¶ 20}** Despite the juvenile court's specific finding regarding the change in circumstances, the record indicates that the juvenile court failed to make a finding that changing custody was in the best interest of the child as required by statute.

**{¶ 21}** Absent a finding by the juvenile court that the change in custody is in the best interest of the child, the juvenile court may not modify the prior decree. As such, we must reverse the juvenile court's decision, and remand the matter so that the juvenile court may make the required finding and address – specific to the best interest finding – whether the harm likely to be caused by a change is outweighed by the advantages of the change.

**{¶ 22}** Having found that the juvenile court did not abuse its discretion in finding that a change of circumstances occurred, but that the juvenile court must make further findings as required by statute, we overrule Mother's first assignment of error, sustain her second, and find moot her third.

**{¶ 23}** Judgment affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

HENDRICKSON, P.J., and RINGLAND, J., concur.