[Cite as *Nesser v. Mason*, 2023-Ohio-4353.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| CHARLES C. NESSER, | : | |
| Appellee, | : | CASE NO. CA2023-04-008 |
| | : | O P I N I O N |
| - vs - | | 12/4/2023 |
| | : | |
| BRITTNEY MASON, | : | |
| Appellant. | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 21440099

Harris Law Firm, LLC, and Felice Harris, for appellant.

Mark Feinstein, for appellee.

**PIPER, J.**

{¶ 1} Appellant, Brittney Mason ("Mother"), appeals a decision of the Madison County Court of Common Pleas, Juvenile Division, denying her motion to reallocate parental rights and responsibilities. Appellee, Charles Nesser ("Father"), did not file a responsive brief.

**Factual Background and Prior Proceedings**

{¶ 2}   Mother and Father are the biological parents of their two daughters, D.N., born December 27, 2012, and N.N., born July 23, 2011.  As relevant to this appeal, D.N. was born with one kidney and has ongoing medical needs.  Mother also reports that N.N. has asthma.

{¶ 3}   After their separation, Mother and Father entered into a shared parenting plan.  However, the record shows that Mother has a history of withholding the children from Father.  Following the issuance of the shared parenting decree, Mother moved from Ohio to Texas and took the children with her.  Father testified that Mother moved without his knowledge and then did not allow him to communicate with the children.  In response, Father filed a motion to reallocate parental rights and responsibilities.

{¶ 4}   On April 16, 2019, Father was named sole residential parent and legal custodian of the children.  However, Mother did not return the children to Father until March of 2020.  The children have been residing with Father in Ohio since that time.  Mother continues to reside in Texas and exercises parenting time through video calls.

**Current Proceedings**

{¶ 5}   On December 28, 2020, Mother moved to reallocate parental rights and requested shared parenting.  Mother's initial filing stated there was fraud in the prior proceedings and suggested the trial court did not have jurisdiction to award Father custody.  She also made claims regarding the children's health.

{¶ 6}   During a hearing on the motion, Father was called to testify as upon cross-examination.  Father denied Mother's claim that the children were unhealthy.  He testified that D.N. and N.N. had gained some weight but noted that they had also grown in height.  Father recognized that N.N. had gained more weight than D.N., which he called a minor concern that was being addressed.  He stated that N.N. has an appointment scheduled with

a nutrition specialist. Father blamed some of the circumstances on COVID quarantines. In addition, Father was asked about Mother's claim that he interfered in her relationship with the children as well as with her extended family. Father denied he interfered in any relationships with the children but noted that Mother and her family were extremely hostile to him. Father also noted that he previously had to contact authorities because Mother threatened to shoot him in the head.

{¶ 7} Mother testified regarding concerns that the children were not eating healthily and had gained excessive weight while in Father's care. She noted that she saw the children eating potato chips on video calls and provided select portions of medical records. She made additional claims that Father did not reach out to her extended family to give updates on the girls' medical conditions. She also stated that Father failed to facilitate her in strengthening her relationship with the girls.

{¶ 8} Following the hearing, the magistrate issued a written decision denying Mother's motion to reallocate parenting rights. The magistrate concluded that Mother was not credible and stated that it was in the children's best interest for Father to remain sole residential parent and legal custodian. Mother filed objections, which the trial court overruled. Mother now timely appeals, raising three assignments of error for review.

## Issues on Appeal

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER A CHANGE IN CIRCUMSTANCES HAD OCCURRED SINCE THE PRIOR DECREE.

{¶ 11} Assignment of Error No. 2:

{¶ 12} IF IT CONSIDERED A CHANGE IN CIRCUMSTANCE, THE TRIAL COURT ERRED IN FAILING TO FIND CIRCUMSTANCES HAD CHANGED SINCE THE PRIOR DECREE.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING BRITTNEY MASON'S AMENDED MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND REQUEST FOR SHARED PARENTING.

{¶ 15} In her three assignments of error, Mother argues the trial court erred by denying her motion to reallocate parenting rights and request for shared parenting. Mother's first two assignments of error involve whether a change of circumstances occurred, and her third assignment of error argues the trial court erred in its consideration of the best interest factors. Because the trial court did not err in denying Mother's motion to reallocate parenting rights, we will address the assignments of error together.

{¶ 16} A trial court has broad discretion in proceedings involving the care and custody of children. *In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, ¶ 14. As "custody issues are some of the most difficult and agonizing decisions a trial judge must make," the judge must be given "wide latitude in considering all the evidence" and the decision must not be reversed absent an abuse of discretion. *Pierson v. Gorrell*, 12th Dist. Butler No. CA2011-11-216, 2012-Ohio-3878, ¶ 10. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**Modification of Custody**

{¶ 17} "In determining whether a modification of custody is warranted, the trial court must follow R.C. 3109.04(E)(1)(a)." *Lemasters v. Lemasters*, 12th Dist. Madison No. CA2018-06-018, 2019-Ohio-4395, ¶ 10. "Pursuant to that statute, the juvenile court cannot modify a prior decree unless it first makes two express findings: (1) that there has been a change in circumstances since the time of the prior decree, and (2) that the modification is necessary to serve the best interest of the child." *D.M. v. J.D.*, 12th Dist. Fayette No.

- 4 -

CA2016-08-010, 2017-Ohio-4118, ¶ 12. "The clear intent of the statute is to spare children from the constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a 'better' environment." *Bingham v. Elliott*, 12th Dist. Clermont No. CA2012-11-083, 2013-Ohio-3314, ¶ 15, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶ 18} R.C. 3109.04 does not provide a definition of the phrase "change in circumstances." *Anders v. Seitz*, 12th Dist. Fayette No. CA2022-09-011, 2023-Ohio-668, ¶ 21. However, this court has stated the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Id.* This means that, "[i]n order to warrant a change of custody, the change in circumstances must be one 'of substance, not a slight or inconsequential change.'" *Heath v. Heath*, 12th Dist. Fayette No. CA2016-08-011, 2017-Ohio-5506, ¶ 37, quoting *Flickinger* at 418.

{¶ 19} To determine the best interest of the children, R.C. 3109.04(F)(1) requires a trial court to consider all relevant factors. *In re X.B.*, 12th Dist. Butler No. CA2014-07-168, 2015-Ohio-1174, ¶ 19. The best interest factors are set forth in R.C. 3109.04(F)(1)(a) thru (j). These best interest factors include, but are not limited to, the following:

(1) the wishes of the parents;

(2) the children's wishes, as expressed to the court in chambers;

(3) the children's interactions and interrelationships with parents, siblings, and other persons who may significantly affect the children's best interests;

(4) the children's adjustment to home, school, and community;

(5) the mental and physical health of all persons involved in the situation;

(6) the parent more likely to honor and facilitate visitation;

(7) whether one parent has denied the other of parenting time;

(8) whether child support orders have been followed; and

(9) whether either parent has established or is planning to establish a residence outside of Ohio.

"[N]o single factor is determinative of the best interest of a child; rather, the determination should be made in light of the totality of the circumstances." *Blessing v. Blessing*, 12th Dist. Clermont No. CA2019-01-011, 2019-Ohio-3951, ¶ 16.

### Trial Court's Decision

{¶ 20} In this case, the magistrate analyzed the facts presented considering the best interest factors and rendered the following decision:

> The magistrate finds that Mother is not credible and has failed to show that a change in custody is necessary to serve the best interest of the children. It is in the best interest of both children that Father remain the sole residential parent and legal custodian.

Mother raised four numbered objections and then later filed supplemental objections. The trial court overruled Mother's objections concluding, in pertinent part:

> The Court finds the Magistrate correctly applied all the factors contained in ORC 3109.04(F)(1) even though not specifically stated in his Order. In addition, the Court finds the Magistrate correctly applied existing Ohio case law with regard to his findings.
>
> The Court hereby overrules Defendant's objections to the Magistrate's Decision in their entirety.

### Mother's Arguments on Appeal

{¶ 21} On appeal, Mother complains that the trial court erred by failing to consider whether a change of circumstances had occurred. In the alternative, she argues that if the trial court did consider whether a change of circumstances occurred, then the trial court erred by not finding that such a change occurred. Finally, Mother maintains that the trial court abused its discretion in weighing the best interest factors. Mother requests that this court reverse the trial court's decision and remand the case for further evaluation.

**Analysis**

{¶ 22} Following review, we find the trial court did not abuse its discretion in denying Mother's motion to reallocate parenting rights. While Mother complains the trial court did not make a specific finding as to whether there had been a change in circumstances, it is well established that even if a change in circumstances is established, a trial court can only modify the allocation of parental rights if the modification is necessary to serve the best interest of the child. *Hunter-June v. Pitts*, 12th Dist. Butler No. CA2013-09-178, 2014-Ohio-2473, ¶ 14, citing R.C. 3109.04(E)(1)(a).

{¶ 23} Although the trial court did not make an express finding regarding a change in circumstances it acknowledged the circumstances and concerns of Mother and impliedly considered them to be de minimis. Even more significant, the trial court expressly determined that modification was not in the best interest of the children and applied the best-interest factors in R.C. 3109.04(F)(1).

{¶ 24} The evidence at trial revealed that both parents want custody of the children. There was no evidence that the children had anything but a good relationship with both parents. Mother's history of continuously and willfully denying Father his right to parenting time was a proper consideration in the trial court's decision not to reallocate parental rights. The trial court noted that Mother has obstructed Father's contact with the children in the past.

{¶ 25} On appeal, Mother focuses her attention on the two factors listed in R.C. 3109.04(F)(1)(e) and (f). She claims that the physical health of the children requires modification of parental rights. She also asserts that the record reflects that "neither parent is 'more likely' to honor and facilitate parenting time." Mother concludes by stating:

> Given that both parents have kept the children from the other parent and the other best interest facts are equal, the physical health of the children weighs in favor of modification, especially

considering the children's pre-existing medical conditions which could be exacerbated by excessive weight gain. The court, therefore, abused its discretion and acted unreasonably by not properly considering the children's weight and physical health as a best interest factor warranting reallocation of parental rights and responsibilities and to be considered in determining whether the harm likely to be caused by a change in environment was outweighed by the advantages of the change of environment.

{¶ 26} However, resolution of the conflicting evidence was best weighed by the trier of fact. *McVean v. McVean*, 12th Dist. Butler No. CA2018-03-054, 2018-Ohio-4062, ¶ 24. In this case, Mother argued that the children have gained excessive weight and suffered health problems warranting a reallocation of parental rights. But Father disputed Mother's claims. Father acknowledged minor health conditions while acknowledging that N.N. was scheduled to see a nutrition specialist for her weight gain and associated cholesterol levels. He also testified that the other child, D.N., who was born with only one kidney, was doing well in his care, and no longer needed to see her kidney specialist as often. The trial court concluded that there was little to no credible evidence as to physical health being a serious concern as it related to R.C. 3109.04(F)(1)(e). A slight increase in cholesterol can be addressed and is not a significant medical issue warranting a modification of parental rights.

{¶ 27} As to her claim that neither party was "more likely" to honor and facilitate parenting time, Mother made a variety of allegations against Father, including that she "believes" that he is coaching the children during their video calls to end the calls sooner. However, the trial court found Mother's testimony lacked credibility and noted that her arguments were refuted by her own testimony. Moreover, there is evidence that Mother previously moved to Texas with the children and cut off all contact with Father.

{¶ 28} While Mother argues differently, the trial court was not wrong in considering the totality of the circumstances and finding that it was in the best interest of the children for Father to remain sole residential parent and legal custodian. The juvenile court, as trier

of fact, was in the best position to weigh the competing testimony. *In re T.M.*, 12th Dist. Butler No. CA2007-01-019, 2007-Ohio-6034, ¶ 43. Considering the foregoing, we find the trial court did not abuse its discretion in denying Mother's motion to reallocate parenting rights. Accordingly, Mother's three assignments of error are overruled.

**{¶ 29}** Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.